ANHEUSER-BUSCH BREWING ASS'N v. PIZA.

*(Circuit Court, S. D. New York. 1885.)*

TRADE-MARK—GEOGRAPHICAL NAME—"ST. LOUIS LAGER BEER"—FRAUDULENT SIMULATION OF LABELS—INJUNCTION.

Complainant, a brewer in St. Louis, Missouri, made, and exported to Panama and South American ports, beer in bottles, with a label bearing the words, "St. Louis Lager Beer." Defendant, a shipper of beer from New York city, and a competitor of complainant in trade in Panama and South America, labeled his bottles "St. Louis Lager Beer." *Held*, that although complainant could not have an exclusive property in the words "St. Louis," as a trade-mark, or the exclusive right to designate his beer by the name of "St. Louis Lager Beer," yet, as his beer had always been made at that city, his use of the designation upon his labels was legitimate; and that defendant, whose beer was made in New York, should be enjoined from diverting his trade by simulating his labels, or representing, in any other way, his products as those of complainant.

WALLACE, J. The complainant, a corporation doing business at St. Louis, Missouri, has for many years been accustomed to export its beer in bottles with a label bearing the words, "St. Louis Lager Beer." It had acquired a considerable market for its product in South America and Panama. During this time there were many other manufacturers and vendors of lager beer at St. Louis, but so far as appears none of them had an export trade, and none of them were accustomed to use labels with the words "St. Louis Lager Beer" printed upon them. The defendant is a shipper of beer at New York city, and a competitor of the complainant in trade at Panama and various places in South America. The affidavits show beyond doubt that in those places the beer, which is known as "St. Louis Lager Beer," is in demand, and it is doubtless because of this fact that the defendant, whose beer is made in New York, labels his bottles so as to represent that his beer is made at St. Louis, and so as to represent that his firm are the sole agents of the "St. Louis Lager Beer," at New York. He alleges that purchasers of beer at Panama and the other places in question in South America do not discriminate between the complainant's article and other beer made in the United States, but buy it simply because they suppose St. Louis lager beer is beer produced in the United States as distinguished from German and English beer. This may be true; but if it is, it does not seem to be conclusive against the right of the complainant to the injunction which he seeks. As the goods of the parties go to the same markets it can hardly fail to happen that the complainant will lose sales, and the defendant will get customers, in consequence of the defendant's acts.

Although the complainant cannot have an exclusive property in the words "St. Louis" as a trade-mark, or an exclusive right to designate its beer by the name "St. Louis Lager Beer," yet, as its beer has always been made at that city, its use of the designation upon its labels is entirely legitimate; and if the defendant is diverting complainant's

trade by any practices designed to mislead its customers, whether these acts consist in simulating its labels, or representing in any other way his products as those of the complainant, the latter is entitled to protection. It is no answer for the defendant, when the complainant asks for protection, to say that it has no exclusive right to designate its product in the manner it has, although this might very properly be asserted by a competitor selling beer made at St. Louis, or who, by reason of any circumstances, might be entitled to represent his product as originating there. *Canal Co.* v. *Clark*, 13 Wall. 322.

It must be assumed, upon the facts as they are now disclosed, that complainant, by its enterprise and the quality of its product, had acquired a foreign market for its beer under the designation of "St. Louis Lager Beer;" that no one else, having a right to use this designation, was a competitor of the complainant in this market until the defendant became one; and that the defendant has attempted to interfere with the complainant's trade and divert it to himself by selling a different article under the same name, and in this behalf has been guilty of false and deceitful conduct towards the public. It is manifest that the complainant's trade must be more or less injured by the defendant's acts.

The case is similar in some of its facts to that of *Newman* v. *Alvord*, 51 N. Y. 189. There the plaintiff used the word "Akron" to designate a cement manufactured by him at the village of Akron, New York. The defendant, who was a manufacturer at another place in the same state, was enjoined from designating his cement as "Akron Cement," although he prefixed his own name and added the real place of its manufacture. In the opinion delivered in that case by EARL, J., it was assumed that other persons at Akron had the right equally with the plaintiff to call their cement "Akron Cement;" but he added:

"Yet it is quite clear that the plaintiffs, upon the facts, are entitled to protection against the defendant. It is sometimes said in the cases to which our attention has been called that the claimant to a trade-mark must have the exclusive right to it. This form of expression, I apprehend, is not strictly accurate; the right must be exclusive against the defendant. It is generally sufficient in such cases if the plaintiffs have the right and the defendant has not the right to use it. The principle upon which the relief is granted is that the defendant shall not be permitted, by the adoption of a trade-mark which is untrue and deceptive, to sell his own goods as the goods of the plaintiff, thus injuring the plaintiff and defrauding the public."

The following cases, in which a party has been protected in the use of the name of a place to distinguish a particular business or product, are apposite: "Glenfield Starch," in *Wotherspoon* v. *Currie*, L. R. 5 H. L. 508, 513; "Anatolia Liquorice," *McAndrew* v. *Bassett*, 10 Jur. (N. S.) 492; "Sexio Wine," in *Seixo* v. *Provezende*, L. R. 1 Ch. App. Cas. 192.

It is unnecessary for present purposes to consider whether the complainant has a valid trade-mark or can have a technical trade-mark in the name "St. Louis." It is sufficient that it was lawful for the com-

plainant to use that name to designate its property; that by doing so it has-acquired a trade which is valuable to it; and that the defendant's acts are fraudulent and create a dishonest competition detrimental to the complainant. Upon the argument of this motion the impression was entertained that the "Piza label No. 2" was not such a simulation of the complainant's label as would be likely to mislead purchasers. Upon further consideration this impression has been removed. It is not unreasonable, in view of the defendant's purpose to deceive the public by adopting this label, to resolve any doubt which may remain in favor of the complainant.

The motion for an injunction is granted.