# Thornton *v.* Tison.

*Bill in Equity by Judgment Creditors, to set aside Conveyances as Voluntary and Fraudulent.*

1. *Parties to suit for distribution and settlement of trust fund; decrees in favor of persons not parties of record.*—Any number of the beneficiaries of a trust fund may maintain a suit to bring the trustee to a settlement, without joining the others; and any judgment creditor may file a bill to set aside a fraudulent conveyance executed by his debtor, without joining other creditors as complainants with him; and the court may, in either case, render decrees in favor of persons who are not named as complainants in the bill.

2. *Jurisdiction of Federal courts, as affected by amount in controversy and residence of parties.*—When a bill is filed in the Circuit Court of the United States, to compel a settlement and distribution of a decedent's estate, the value of the estate is the amount in controversy, and a decree may be rendered in favor of each distributee for his share, though less than $500; and if some of the complainants are non-residents, it is immaterial that other distributees are not.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 12th July, 1890, by Mrs. Elizabeth Tison and Mrs. Martha L. Agee, distributees of the estate of John Shackelford, deceased, on behalf of themselves and other distributees of said Shackelford's estate, and as judgment creditors of R. H. Abercrombie, the administrator of said estate, and of R. J. Thornton, the surety on his administration bond; against said R. J. Thornton, R. L. Thornton, and Annie T. Hudman, who was a daughter of said R. J. Thornton. The complainants claimed to be judgment creditors of said R. J. Thornton, under and by virtue of a decree rendered by the Circuit Court of the United States at Birmingham, under a bill filed by some of the distributees against the administrator and Thornton as his surety, to compel a settlement and distribution of the estate; and they sought to avoid and set aside two conveyances executed by said R. J. Thornton to said R. L. Thornton and Annie T. Hudman. The deed to Annie Hudman was dated April 24th, 1888, and was executed pending the chancery suit in the Federal court; and the consideration expressed being love and affection, the complainants sought to set it aside as fraudulent in law. The conveyance to R. L. Thornton was dated April 10th, 1887, pending said chancery suit, and recited a valuable consideration; and the complainants assailed it on the ground that the consideration was entirely fictitious, or was greatly exaggerated, and that it was executed with the intent to hinder, delay, and defraud creditors. The bill, as amended, alleged that the chancery suit in which the decrees were rendered was instituted by "said Martha L. Agee and others of the distributees and heirs at law, of said John Shackelford, who were citizens and residents of California and Arkansas;" and the transcript of the record of the decree, which was made an exhibit to the bill, showed that the amount in the hands of the administrator to be distributed, or for which he was liable, was ascertained to be $17,234.78, and a decree was rendered in favor of each distributee for his proportionate share, the decree in favor of Mrs. Tison being for $1,541.87, and that in favor of Mrs. Agee $68.18.

[Thornton v. Tison.]

The defendants demurred to the bill, jointly and sever-
ally, (1) because it showed that all the distributees were
not made parties to said chancery suit; (2) because decrees
were rendered in favor of persons who were not parties
to the suit; (3) because the decrees in favor of Mrs.
Agee and others were for a less sum than the court
had jurisdiction of; and (4) because Mrs. Tison and others
were shown to be residents of the State of Alabama.   The
chancellor ovverruled the demurrer, and his decretal order
is assigned as error.

WALKER, HEWITT & PORTER, and M. J. GREGG, for appel-
lants, cited  *Thompson v. Whitman*, 18 Wall. 457; *Wise v.
Turnpike Co.*, 7 Cranch, 276; U. S. Revised Statutes, § 629;
*Turner v. Bank*, 4 Dall. 8; *Gray v. Larramore*, 2 Abb. U. S.
540; *Ford v. Babcock*, 1 Denio, 158; 6 Cowen, 221; 14 Wall.
253; Foster's Fed. Practice, 104, § 60.

ALEX. T. LONDON, *contra*, cited Freeman on Judgments,
§ 124; Black on Judgments, § 285, notes; 12 Amer. & Eng.
Encyc. Law, 272–75; *Payne v. Hook*, 7 Wall. 425; *Handley
v. Stultz*, 137 U. S. 366; 129 U. S. 206; 138 U. S. 1.

STONE, C. J.—It has been long and well settled that a
part, less than the whole, of the beneficiaries in a trust
fund, may maintain a bill to bring the trustee to a settle-
ment.   And the same rule prevails when creditors have the
right to proceed in equity to subject to their demands
effects of their debtor held by an equitable title, or fraudu-
lently attempted to be placed beyond the reach of his debts.
In such cases, it is not necessary that all the beneficiaries
or creditors shall be made complainants.   A part may pro-
ceed to coerce a settlement of the trust, or the utilization
of the fund or effects in the liquidation of his or their
demands; and in the one case must, while in the other he
or they may, so frame the bill and proceedings as that the
entire litigation and the entire administration may be had and
accomplished in one suit.   This, because in the settlement
of a trust, in which there are many beneficiaries, the court
will not, as a rule, administer partial relief, but will take
the entire account and distribute the entire fund.   For this
purpose the suit, in legal effect, is instituted.   It results
that, in many cases, decrees for their respective distributive
shares are rendered in favor of many persons who are not
named as complainants in the bill.   And the same thing
frequently occurs in what are known as creditors' bills.

[Williams v. Costello.]

*Brown v. Bates,* 10 Ala. 432; 3 Brick. Dig., 340, § 136; *Bank of St. Mary's v. St. John,* 25 Ala. 566; Sto. Eq. Pl., §§ 97, 99, 100, 104, 105; *Lehman v. Meyer,* 67 Ala. 396; *Payne v. Hook,* 7 Wall. 425.

When a suit is instituted, and rightly instituted, in either of the categories stated above, there can be no question that any decree rendered within the purview of the bill, although in favor of a person not named as a party complainant, is a binding personal judgment in the particular case. And we do not hesitate to hold that, in the suit in the Circuit Court of the United States, every individual decree rendered, irrespective of its amount, and irrespective of the fact that the person in whose favor it was rendered was or was not a party complainant in that suit, has all the elements of a personal judgment against the defendants in that cause.—*Johnson v. Waters,* 111 U. S. 640.

In the said suit of *Agee et al. v. Abercrombie, adm'r et al.,* in the U. S. Circuit Court, the sum ascertained to be in the hands of the administrator *de bonis non* for distribution was in excess of seventeen thousand dollars. That was the amount in controversy in that suit, and not the separate sums decreed to the several distributees. That litigation was a single suit, not a multiplicity of suits between the several next of kin and the administrator *de bonis non.* *Handley v. Stutz,* 137 U. S. 366.

Affirmed.