# Whaley v. Wilson.

*Bill in Equity to Abate a Public Nuisance.*

1. *Public nuisance; right of private citizens to maintain bill for its abatement.*—The jurisdiction of the court of equity to abate a public nuisance is now well established in our jurisprudence; and a private person can maintain a bill for the abatement of such a nuisance when it is shown that he has suffered therefrom a special injury, which is real and distinct from that suffered by him in common with the public at large, and is so continuous in its nature that the legal remedy for damages would be inadequate.

2. *Same; jurisdiction of equity to award damages.*—Where on a bill in equity by a private person to abate a public nuisance, the court assumes jurisdiction for the abatement of the nuisance, it will retain

[Whaley v. Wilson.]

the bill and do complete justice by determining and awarding damages therefor, without remitting the parties to a court of law for an adjustment of the damages; and this may be done by the chancellor himself on the evidence before him, or by reference to the register, or by submitting it to the determination of a jury.

3. *Same; statute of limitation.*—Where a wrongful act, amounting to a nuisance, creates a complete and permanent injury, the remedy of a party complaining of such nuisance is full and complete from the time of the doing of the act, and the statute of limitation begins to run from the completion of the thing or the doing of the act creating the nuisance; and if an action to recover damages resulting therefrom is not brought within one year from the establishment of the nuisance it is barred, (Code of 1886, § 2619, subd. 6); but where there are separate and distinct acts creating at different times the nuisances complained of, the fact that one of these acts occurred more than a year before the institution of the suit asking for damages, does not preclude the recovery of damages for the other acts done within the time limited by the statute.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed on January 1, 1896, by the appellee, W. H. Wilson against E. S. Whaley, the appellant, to abate a public nuisance. The nuisance complained of was an obstruction placed in a public road, which ran through the complainant's land; and the averments of the bill were that the defendant obstructed said road by placing a large stump therein and by running a fence across said road, and that during the month of December, 1895, the defendant built a wire fence across said road, along and near the line dividing the lands of the defendant and the complainant. It was further averred that the stump and fences placed in and across the road so obstructed it as to render it useless for the purposes of travel, and that, therefore, it was a public nuisance; that by reason of said obstructions the complainant's lands were greatly depreciated in value, and he was damaged in the sum of $500, and was further damaged in the sum of $500 by reason of the inconvenience and loss of time incurred by him in having to travel over other and difficult roads to market, &c., and that if said obstructions were allowed to remain in said road irreparable damage would result to complainant. The facts of the case are sufficiently stated in the opinion.

The prayer of the bill was that the court would de-

[Whaley v. Wilson.]

.clare the obstructions a nuisance, and would enjoin the defendant from further maintaining them, or further obstructing said road. The defendant demurred to the bill upon several grounds which were substantially as follows: (1.) Said bill shows that complainant has a plain and adequate remedy at law; (2), .that the damage to complainant as averred in the bill is fixed and permanent, and not continuous in its nature; (3), that complainant has acquiesced in what he calls a nuisance for more than a year before filing a bill; and (4) the bill is filed by an individual for the abatement of a common, public nuisance, and shows only a fixed and permanent damage to complainant, which is barred by the statute of limitations for one year, and fails to show that the said nuisance and damage are continuous in their nature.

Upon the submission of the cause on the demurrer, the chancellor decreed that the demurrer was not well taken, and overruled it. From this decree the respondent appeals, and assigns the same as error.

W. L. PARKS, for appellant.—There is no averment of the continuance of the obstruction to the filing of the bill, which is indispensable.—*Munson v. People*, 5 Park. Cr. Rep. (N. Y.) 16; *Taylor v. People*, 6 Park. Cr. Rep. (N. Y.) 347. This being true, the acquiescence of appellee bars his case.—16 Amer. & Eng. Encyc. of Law, 960.

Appellee's action for damages to his land would be barred in one year. In this case the road was obstructed in November, 1894, and the bill was filed in January, 1896. Independently of the statute of limitations to suits in equity, by analogy or otherwise, courts of equity have usually held that delay for a period sufficient to deprive the complainant of the right to enforce his demand in a court of law, is such laches as will justify the dismissal of a bill in equity.—12 Amer. &. Eng. Encyc. of Law, 570, 571. Where the facts showing the laches appear on the face of the bill, advantage may be taken of same by demurrer.—*Solomon v. Solomon*, 81 Ala. 555.

D. A. BAKER, *contra*.—If it should be conceded that complainant had a legal remedy, the nuisance complained of is such, that chancery will assume jurisdiction and abate it.—*City of Demopolis v. Webb*, 87 Ala. 659; *Reed v. Mayor &c.*, 92 Ala. 344. The bill alleges overt

[Whaley v. Wilson.]

acts on the part of respondent, in the dedication for public use, of this road obstructed by him, and complainant need not establish his right at law, before chancery will afford him relief.—*Port of Mobile v. L. & N. R. R. Co.*, 84 Ala. 115. Complainant owning lands abutting said road, and being dependent upon said road as a way of egress and ingress to these lands, may prevent damage to himself by the obstruction thereof, either by resorting to a court of equity, or may obtain redress in a court of law.—*Western Ry. of Ala. v. Ala. G. T. R. Co.*, 96 Ala. 272. ,A resort to equity is the proper remedy to prevent or abate a public nuisance, by an individual who would be damaged thereby.—*Columbus & W. Ry. Co. v. Witherow*, 82 Ala. 190 ; *Ulbricht v. Eufaula Water Co.*, 86 Ala. 587.

A resort. to chancery being . the proper remedy, and the chancery court having jurisdiction to prevent or abate the nuisance complained of, the court will assume jurisdiction for all purposes, and grant full relief.—*Tygh v. Dolan*, 95 Ala. 269 ; *Houston v. Faul*, 86 Ala. 232 ; *Kilgore v. Kilgore*, 103 Ala. 614 ; *Virginia & A. Min. & Manf'g. Co. v. Hale*, 93 Ala. 542. "Under a bill to enjoin the maintenance of a nuisance, complainant may recover damages without a recourse to a separate action at law."—*Farris v. Dudley*, 78 Ala. 124.

HARALSON, J.—In *Hool & Paullin v. The Attorney-General*, 22 Ala. 194, this court said :· "Any obstruction of a public road or highway, which renders its passage less commodious, is a nuisance, and whatever doubts may have formerly existed as to the powers of a court of chancery to entertain a bill to enjoin and abate a public nuisance, the jurisdiction of that court for this purpose, at the present day, is well established." See also, to the same effect, the *City of Demopolis v. Webb*, 87 Ala. 666. In the last case cited, we sustained such a jurisdiction as based, among others, on the reason, that the remedy at law, which a private person had to redress his grievances for such a nuisance, was inadequate, on the ground that one action, or even several, may not be sufficient to adjust such wrongs by reason of the continuous nature of the injury ; and that an appeal to the chancery court is a more orderly method of settling such disputes, being less apt to lead to breaches of the peace,

than to attempt to repair one's rights by taking the law into his own hands.   This is in keeping with the doctrine as stated by Mr. Pomeroy, based upon a long array of authorities cited, that a public nuisance will be restrained at the suit of a private person who suffers therefrom a special and particular injury, distinct from that suffered by him in common with the public at large, if the injury is real, and such that the legal remedy of damages would not be adequate.—3 Pom. Eq. Jur., § 1349 ; Elliotton Roads & Streets, 496, 497 and 500, notes ; *Crommelin v. Coxe*, 30 Ala. 328.

A plainer case could scarcely be presented than the one made by this bill, for the interposition of a court of equity to abate the nuisance complained of.   The road as is alleged, is a public highway ; the obstruction is complete and continues unless abated ; it has caused, as alleged, deterioration in the value of complainant's lands to the extent of $500, distinct from that suffered in common with the public at large ; if allowed to remain it will continue to damage him ; and, from what is averred, it is manifest an action, or successive actions, at law will be inadequate to compensate complainant for the real damage the nuisance has done, and may continue to do him sepecially, without reference to any one else. What more could be demanded of a complainant in a bill to abate a public nuisance than is here presented?

Having assumed jurisdiction to grant relief in such a case, the court of equity will retain the bill and proceed to do complete justice between the parties, without remitting them to a court of law for an adjustment of damages, to which complainant may be entitled growing out of the creation and maintenance of the nuisance. This may be done on the evidence by the chancellor himself, or by reference to the register to report, or else it may be submitted to the determination of a jury.—*Farris v. Dudley*, 78 Ala. 124 ; *Stow v. Bozeman* 29 Ala. 397 ; *Kilgore v. Kilgore*, 103 Ala. 620.   In a case of the kind, we apprehend, however, that for any distinct and completed damage occurring more than a year before the commencement of the suit, the complainant would be barred a recovery under section 2619 of the Code of 1886, subdiv. 6.   See authorities cited under that section. The rule is, as laid down by Wood, that where a wrongful act amounting to a nuisance, which of itself creates a com-

[Guscott v. Roden & Co.]

plete and permanent injury, the statute of limitations will run from the completion of the thing creating the nuisance ; but where the nuisance is permanent and the injury from it is continuous and increasing, successive actions for damages will lie, and the plaintiff can recover all damages not barred by the statute, accruing up to the commencement of the suit.—Wood on Nuisances, § 865 ; 2 Greenl. Ev., § 474 ; 13 Am. & Eng. Encyc. of Law, 723.

Under the allegations of the bill the first obstructions complained of were placed in and across the road in November, 1894. What injury they did or could do to complainant, could be anticipated and calculated at the time of their erection as well as subsequently, and may be said, therefore, to have been original, and complainant's remedy was full and complete at the time of said obstructions. For such damages the remedy of complainant is barred ; the suit having been commenced more than a year after their accrual. No distinct damages are laid and claimed for the obstruction of December, 1895.

Each ground of demurrer went to the whole bill. To abate the nuisance complained of, the bill is clearly maintainable.

Reversed and remanded.