(111 So. 223)

**McDONALD v. THORNTON et al.** (6 Div. 822.)

(Supreme Court of Alabama. Jan. 13, 1927.)

**1. Equity ⬤═145—Bill for mandatory injunction to remove building because violating fire ordinance and shedding rain on complainants' building held not framed alternatively.**

Bill for mandatory injunction for removal of building, alleging that it was erected contrary to fire ordinance, increasing danger from fire and insurance rate to complainant owning building 18 inches away, and that it shed water on complainants' building, *held* not to have alternative aspects; latter averment merely showing peculiar damage.

**2. Nuisance ⬤═75—Bill for mandatory injunction for removal of building violating fire ordinance held sufficient, where showing continuing injury and special damage (Code 1923, §§ 2012, 9275).**

Bill for mandatory injunction for removal of building erected in violation of ordinance authorized by Code 1923, § 2012, creating fire limits and requiring removal of building erected contrary to ordinance, which building increased danger from fire and insurance rate to complainants, and shed rain on complainants' building, *held* to state cause of action, since action at law would be inadequate, as injury is continuing, and since damages are peculiar to complainants, within section 9275.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Bill in equity by W. S. Thornton and another against Dunk McDonald. From a decree overruling a demurrer to the bill, respondent appeals. Affirmed.

Curtis, Pennington &. Pou, of Jasper, and Zack P. Shepherd, of Carbon Hill, for appellant.

A bill may be filed in different aspects, but, when so filed, each aspect must make a good bill. If either aspect is bad, the whole bill is bad and subject to demurrer. Henry v. Tenn. Live Stock Co., 164 Ala. 376, 50 So. 1029; 3 Mayfield's Dig. 286; 5 Michie's Ala. Dig. 519; Taylor v. Dwyer, 131 Ala. 91, 32 So. 509; Beddow v. Sheppard, 118 Ala. 474, 23 So. 662; Mountain v. Whitman, 103 Ala. 630, 16 So. 15; Thompson v. Brown, 200 Ala. 384, 76 So. 298. Equity will not grant an injunction on mere apprehension of injury in the future. Cullman Prop. Co. v. Hitt Lbr.

Co., 201 Ala. 153, 77 So. 574. When complainant has an adequate remedy at law, equity will afford no relief. Hogan v. Scott, 186 Ala. 310, 65 So. 209. Appellees must allege irreparable injury. Hitt Lbr. Co. v. Cullman Prop. Co., 189 Ala. 18, 66 So. 720; Kellar v. Bullington, 101 Ala. 270, 14 So. 466; Norton v. Randolph, 176 Ala. 385, 58 So. 283, 40 L. R. A. (N. S.) 129, Ann. Cas. 1915A, 714; 14 R. C. L. 352; Dennis v. M. & M., 137 Ala. 657, 35 So. 30, 97 Am. St. Rep. 69. Appellee's loss or damage must be shown to be different in kind and degree from that of the public, also that action at law is inadequate. First Ave. C. & L. Co. v. Johnson, 171 Ala. 476, 54 So. 598, 32 L. R. A. (N. S.) 522; 20 R. C. L. 479, 490; Birmingham R. Co. v. Moran, 151 Ala. 187, 44 So. 152, 125 Am. St. Rep. 21; Southern R. Co. v. Ables, 153 Ala. 536, 45 So. 234. Appellees, having acquiesced in the building of appellant's house, are now estopped to have it removed. 20 R. C. L. 496.

Gray & Powell, of Jasper, for appellees.

Demurrer to that phase of the bill alleging that appellant's house caused water to be shed against appellee's building was properly overruled; this showed a special damage to appellees. Town of Vernon v. Wedgeworth, 148 Ala. 490, 42 So. 749. The bill, as one to remove a public nuisance, is sufficient, since it shows special damage to appellees. Costello v. State, 108 Ala. 45, 18 So. 820, 35 L. R. A. 303; Code 1923, § 9275; Whaley v. Wilson, 112 Ala. 627, 20 So. 922; State ex rel. v. Mayor, etc., 24 Ala. 701.

GARDNER, J. Bill by appellees against appellant, seeking a mandatory injunction for the removal of a building erected on respondent's lot, adjoining and within 18 inches of complainants' building, all situated in the town of Carbon Hill, Ala., and within what is designated the "inner fire limits" thereof. The appeal is from the decree overruling a demurrer interposed to the bill.

[1] It appears from the bill that in 1921 the governing body of Carbon Hill enacted (as authorized by section 2012, Code of 1923) an ordinance establishing an inner and outer fire limit, prescribing the character of buildings to be erected in each, requiring the issuance of permits for their erection, and fixing penalties for the violation of such ordinance, and further providing that any "structure hereafter erected without permit, or not in conformity with this ordinance, shall be removed."

A reading of the ordinance (made an exhibit to the bill) discloses its purpose to require buildings to be erected in the "inner fire limit" to be as nearly as practicable fireproof. Complainants' building is alleged to have been constructed in accordance with the provisions of said ordinance as applicable to such "inner fire limit," and for which permit was duly issued, but it is averred that respondent's building, erected in April, 1926, and in close proximity to that of complainants', was erected of wood and tin, and not in accordance with said ordinance, and without issuance of permit, or, if permit was issued, it was in violation of the provisions of said ordinance; that the building is not fireproof, and is a menace to complainants' property, increasing the danger thereof to fire and an increase in the insurance rate. It is further alleged that complainants have appealed to the governing body of said town that said structure be removed, but to no avail, and complainants can obtain no relief from that source.

In paragraph 8 of the bill is the averment that "the water from rains is shed against the wall of the building of complainants, and will greatly damage the same, and deprive complainants in the future of the use and enjoyment of the said property," but these allegations are not by way of an alternative statement of another or different aspect of the bill, as counsel for appellant construe them, but merely an additional averment tending to show peculiar damage suffered by complainants. The bill is one as a whole, and not a bill with alternative aspects.

[2] Accepting the bill's averments as true, respondent's building was erected in violation of the ordinance provision constituting a public nuisance, and under the terms of the ordinance should be removed. The governing body of the town declines to do so. The damages to complainants are special and peculiar, differing from those suffered by the public generally. A suit at law would prove inadequate, as the injury is a continuing one. Whaley v. Wilson, 112 Ala. 627, 20 So. 922.

"If * * * a public nuisance causes a special damage to an individual, in which the public do not participate, such special damage gives a right of action." Section 9275, Code of 1923.

This is but the expression of the rule long recognized in this state.

"A public nuisance will be restrained at the suit of a private person who suffers therefrom a special and particular injury, distinct from that suffered by him in common with the public at large, if the injury is real, and such that the legal remedy of damages would not be adequate." Whaley v. Wilson, supra.

See, also, in this connection, State ex rel. v. Mayor, etc., of Mobile, 24 Ala. 701; Costello v. State, 108 Ala. 45, 18 So. 820, 35 L. R. A. 303.

An authority very much in point is Kaufman v. Stein, 138 Ind. 49, 37 N. E. 333, 46 Am. St. Rep. 368, and others cited in the note. Also the following from 20 R. C. L. 431, is sustained by the authorities generally:

"While an injunction will not be issued to restrain the mere violation of a city ordinance, the enforcement of such not being one of the functions of a court of chancery, the decided

weight of authority takes the view that the erection of buildings in violation of a municipal ordinance will be enjoined at the suit of an adjoining property holder who is able to show special and irreparable· injury to himself or his property."

Suggestion as to any question of estoppel finds no support in the averments of the bill.

We entertain the view the decree overruling the demurrer is free from error, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.