165 So. 216

## CONTINENTAL PAPER & BAG CORPORATION v. JACKSONVILLE PAPER CO.

### 1 Div. 896.

Supreme Court of Alabama.

Jan. 16, 1936.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellant.

Pillans, Cowley & Gresham, of Mobile, and Kay, Ragland & Kurz, of Jacksonville, Fla., for appellee.

FOSTER, Justice.

Appellant filed this bill to enjoin what is alleged to be an unfair practice in respect to advertising and marking similar goods manufactured and sold by appellee.

The bill alleges in substance that appellant manufactures paper bags at or near the city of Mobile, in Mobile county, Ala., out of Kraft paper also manufactured at or near said city; that it has been so engaged for several years, and has extensively advertised its product as "Mobile Made," and built up a large trade in the product in the city and county of Mobile and surrounding territory, by appealing to the patriotic desire to patronize a home industry; that appellee is a dealer and jobber in paper bags made of Kraft paper, and so engaged in Mobile and surrounding territory, and labels them as "Mobile Maid," with the deceitful intent to convey the impression to the trade that said bags were made at or near Mobile, which is alleged not to be true in fact; that such labels are so used only in Mobile and Mobile county, and surrounding territory, and thereby defendant is engaged in a false and deceitful method of advertising, by conveying the impression that the goods were made in

Mobile; and that it has deceived the trade into so believing, which was and is unfair competition to the damage of appellant in its said business. It sought an injunction. Demurrer was sustained, and on this appeal the question is upon the equity of the bill.

■ The general rule is that there can be no trade-mark exclusively reserved in a geographical name, which is common property. Delaware & H. Canal Co. v. Clark, 13 Wall. 311, 324, 20 L.Ed. 581, 583; Columbia Mill Co. v. Alcorn, 150 U.S. 460, 14 S.Ct. 151, 37 L.Ed. 1144; Elgin Nat. Watch Co. v. Ill. Watch Co., 179 U.S. 665, 21 S.Ct. 270, 45 L.Ed. 365, note a; Elgin Butter Co. v. Elgin Creamery Co., 155 Ill. 127, 40 N.E. 616.

There are some exceptions or limitations of that rule, as where the name is applied without suggesting it as the place of production, but arbitrarily or fancifully, 26 R.C.L. 859, note (1); 45 L.Ed. note page 370, and where the name has acquired a secondary meaning and signifies a certain quality of goods, and as those of a particular manufacturer or producer so as to protect him who has used that name to the extent that it is associated with his business and is attempted to be used by another in such a way as to constitute a fraud. Elgin Nat. Watch Co. v. Ill. Watch Co., 179 U.S. 665, 21 S.Ct. 270, 45 L.Ed. 365; Addison v. Hooks, 91 Fla. 337, 107 So. 623; 26 R.C.L. 858; 63 Corpus Juris, 426, note 25; Nims on Unfair Competition and Trade Marks (2d Ed.) § 101, p. 203.

■ And one had no right to use a geographic name as indicative of the origin of his goods which did not so originate, and thereby perpetrate a fraud upon the purchasing public, and unfairly compete with those whose goods did so originate, and who have built up a trade based on that circumstance. Nims on Unfair Competition and Trade Marks (2d Ed.) § 105, p. 208, §§ 108, 213; Newman v. Alvord, 51 N. Y. 189, 10 Am.Rep. 588; Keller v. B. F. Goodrich Co., 117 Ind. 556, 19 N.E. 196, 10 Am.St.Rep. 88; El Modello Cigar Mfg. Co. v. Gato, 25 Fla. 886, 7 So. 23, 6 L.R.A. 823, 23 Am.St.Rep. 537; Pillsbury-Washburn Flour-Mills Co. v. Eagle (C.C.A.) 86 F. 608, 41 L.R.A. 162; Anheuser-Busch Brewing Ass'n v. Piza (C.C.) 24 F. 149; La Republique Francaise v. Saratoga Vichy Springs Co. (C.C.A.) 107 F. 459, 65 L.R.A. 830; Id., 191 U.S. 427, 24 S.Ct. 145, 48 L.

Ed. 247; Metcalfe v. Brand, 86 Ky. 331, 5 S.W. 773, 9 Am.St.Rep. 282; Furniture Mfrs. Ass'n. v. Grand Rapids Guild of Exhibitors, 268 Mich. 685, 256 N.W. 595; Mich. Savs. Bank v. Dime Savs. Bank, 162 Mich. 297, 127 N.W. 364, 139 Am.St.Rep. 558; Cole Co. v. American Cement & Oil Co. (C.C.A.) 130 F. 703; 63 Corpus Juris, 427, notes 29 and 30; 45 L.Ed. 371, note.

■ Generally speaking, to protect a trade-mark, complainant must have exclusive right to it. But that rule does not apply when complainant has the right to use it and respondent has no such right, but his use of it is false and fraudulent, and does so to complainant's damage. The fact that others may possess the same right that complainant has is not prohibitive of his right to relief when he shows damages to his business by a false and deceitful use of a trade term by defendant, and when its use by complainant is a true and fair statement of facts. Harvey v. American Coal Co. (C.C.A.) 50 F.(2d) 832; Pillsbury-Washburn Flour-Mills Co. v. Eagle (C.C. A.) 86 F. 608, 41 L.R.A. 162; McGhan v. McGhan, 115 Fla. 414, 155 So. 653; Nims on Unfair Competition and Trade Marks (2d Ed.) § 100, p. 200 et seq. So, when there is a public nuisance, but complainant sustains a peculiar damage different from that which the general public sustains. First Ave. Coal & Lumber Co. v. Johnson, 171 Ala. 470, 54 So. 598, 32 L.R.A.(N.S.) 522; McDonald v. Thornton, 215 Ala. 455, 111 So. 223; Birmingham R., L. & P. Co. v. Moran, 151 Ala. 187, 44 So. 152, 125 Am.St.Rep. 21. Also one creditor may pursue an equitable remedy to set aside a fraudulent sale and collect his debt though other creditors have the same right. Brown v. Bates, 10 Ala. 432; Thornton v. Tison, 95 Ala. 589, 10 So. 639; Montgomery Iron Works v. Capital City Ins. Co., 137 Ala. 134, 34 So. 210.

■ Complainant here has a personal peculiar interest and right to have a fraud upon the trade discontinued, and sustains a peculiar damage not common to the general public. The fact that there may be some others who also have such peculiar interest should not close the door of the chancery courts against a remedy to him without making the others parties. Here there is an equitable right to redress a personal wrong done complainant, and, although others may be also incidentally

benefited, a remedy is recognized in his behalf through the chancery court. This situation therefore meets all the requirements of equitable relief.

The case of New York & Rosendale Cement Co. v. Coplay Cement Co. (C.C.) 44 F. 277, has been criticized by other courts and text-writers. Nims on Unfair Competition and Trade Marks, supra, p. 201.

Section 10370, Code, is no more than an enactment of some of the principles here mentioned. While it is there declared, as was otherwise the law, that one cannot exclusively appropriate in his trade-mark or trade practices the geographical name of the place where the thing is produced, it does not directly or indirectly provide that he may not have protection against one who falsely and fraudulently uses such name to his peculiar damage. The statute means, we think, that, although one may honestly use the geographical name of the place of production, he cannot exclude others from doing so, when their goods are so produced, unless such name has a secondarily significant meaning as referring to a certain brand of goods whose excellence is associated with that name and another is fraudulently capitalizing on its good will.

But the secondary right to use a geographical name on account of its association with the good will of one's goods and their excellent qualities is not the only right of protection to one who truthfully uses such a name as the origin of his goods in the trade territory of that district against one who falsely uses it in the same territory, in order to enter into a fraudulent practice of deceitful competition. The authorities sustain both such rights. Complainant here brings his case within the purview of the latter principle.

It does not seem to be insisted that "Mobile Maid" is not such a term as to convey the public impression imputed to it by the allegations of the bill. It clearly is so.

We think the demurrer should have been overruled, and it is done.

Reversed, rendered, and remanded.

GARDNER, BOULDIN, and BROWN, JJ., concur.