Defendant, "Jefferson Home Furniture Company, Inc.," appeals from a judgment for "Jefferson Furniture Company, Inc.," in a suit for unfair competition. We reverse and render.
Plaintiff is a retail furniture company whose principal place of business is Bessemer where it has been located since 1918. Defendant is a retail furniture company whose principal place of business is Birmingham where it has been in operation since the early 1930's. It has opened branch stores in Roebuck and the Eastwood Mall in Jefferson County.
Plaintiff brought suit on August 12, 1976, in the Circuit Court of Jefferson County, Bessemer Division, seeking to enjoin defendant from operating a store in Midfield, Alabama, under the name "Jefferson Home Furniture Company, Inc." Plaintiff alleged that the proximity of the two stores and the similarity of the names would cause much confusion among the general public and that plaintiff thereby would lose many of its customers.
Defendant filed its answer, defenses, and counterclaim, admitting the locations of the respective stores, inter alia, but averring that it had used its name since 1925 or before. Defendant denied that the names were confusing to the public or that plaintiff would lose patronage because of the alleged confusion with respect to the Midfield store. In its counterclaim defendant alleged that it had sold furniture throughout Jefferson County and surrounding counties for more than fifty years; that it had done substantial business in western Jefferson County, including Midfield; that it had never received complaints of customer confusion from plaintiff; that it had made substantial expenditures of time and money in the Midfield store; and, that plaintiff was attempting to interfere with the opening.
Thereafter, plaintiff filed a motion to strike defendant's defenses and filed its answer to the counterclaim. The case was tried to the court ore tenus, and defendant moved, unsuccessfully, for a directed verdict at the close of plaintiff's case.
The court found: that plaintiff had operated its store in Bessemer under the name "Jefferson Furniture Company, Inc." since 1918, while defendant's store had been in operation since the early 1930's under the name "Jefferson Home Furniture Company, Inc."; that the similarity of names had caused confusion among customers and suppliers; that defendant recognized this confusion because, in 1969, it had threatened suit against plaintiff unless plaintiff ceased use of its name in operating a store in Central Park; that the location of plaintiff's Central Park store was virtually the same distance from defendant's main store in Birmingham as the store defendant proposed to open in Midfield would be from plaintiff's Bessemer store; and, that many of plaintiff's customers would be affected by the confusion. The court enjoined defendant from opening or operating a furniture store in Midfield, Alabama, at the proposed location or any other location in Midfield, under the name "Jefferson Home Furniture Company, Inc." On May 17, 1977, defendant filed a motion for suspension of the injunction, pending appeal. This motion was denied. A like application was made to this Court. It, too, was denied.
On appeal, defendant contends that in order to establish a case of unfair competition, plaintiff must prove: (1) that it was the first user of its name in the Midfield area in connection with a furniture business; (2) that by virtue of its long and exclusive use of its name, the name had acquired a secondary meaning which the public associated only with plaintiff's business *Page 7 
prior to the advent of defendant; (3) that defendant was the second user of the name in the Midfield area, entering the market after plaintiff's name had acquired a secondary meaning; and (4) that defendant used the name in bad faith, in such manner as to attempt to deceive the public and capitalize on plaintiff's good will. Defendant argues that plaintiff has failed to prove a single one of these elements. Defendant further contends that plaintiff's cause of action is barred by laches.
On the other hand, plaintiff contends: that the ore tenus rule dictates affirmance since the trial court's findings were neither palpably wrong nor unjust; that this is the sole issue in the case; that it need not prove actual fraud, constructive fraud being sufficient; and that the similarity in names has caused and will continue to cause great confusion. Plaintiff finally contends that it is not barred by laches, since it had no basis for complaint prior to defendant's announcement of plans for a store in Midfield.
It seems clear that the focal point of plaintiff's objection is the use of the word "Jefferson" in defendant's name at the Midfield store. Clearly, this is a geographical name, as witness the following logos appearing in the respective parties' newspaper ads.
[EDITORS' NOTE: LOGOS IS ELECTRONICALLY NON-TRANSFERRABLE.]
The general rule is that there can be no trade-mark exclusively reserved in a geographical name, which is common property. Continental Paper Bag Corp. v. Jacksonville PaperCo., 231 Ala. 400, 165 So. 216 (1936).
However, it is also the general rule that where the geographic name has acquired a secondary meaning and signifies a certain quality of goods of a particular manufacturer or producer or dealer who has used that name, the name is protected to the *Page 8 
extent that it is associated with that business and is attempted to be used by another in such a way as to constitute fraud. Id. at 402, 165 So. 216. See also Chappell v. Goltsman,99 F. Supp. 970 (M.D.Ala. 1951); 87 C.J.S. Trade-Marks, Trade-Names, and Unfair Competition § 90.
In Alabama by statute, Tit. 47, § 271, Code 1940 (Recompiled 1958), it is provided:
 "Appropriation of form, symbol or name as trade-mark. — One who produces or deals in a particular thing, or conducts a particular business, may appropriate to his exclusive use, as a trade-mark, any form, symbol, or name which has not been so appropriated by another, to designate the origin or ownership thereof; but he cannot exclusively appropriate any designation, or part of a designation, which relates only to the name, quality, or the description of the thing or business, or the place where the thing is produced, or the business is carried on."
Justice Foster, writing for the Court in Continental Paper, supra, stated at page 403, 165 So. at page 218:
 ". . . The statute means, we think, that, although one may honestly use the geographical name of the place of production, he cannot exclude others from doing so, when their goods are so produced, unless such name has a secondarily significant meaning as referring to a certain brand of goods whose excellence is associated with that name and another is fraudulently capitalizing on its good will."
In the instant case, plaintiff has failed to prove that its name has acquired such secondary meaning. That is, plaintiff has not shown that its name has an "established, distinctive, and valuable" meaning. See Fuqua v. Roberts, 269 Ala. 59,110 So.2d 886 (1959).
It is true that plaintiff introduced evidence of some confusion, and confusion is an element to consider in determining if a name has acquired a secondary meaning. But the confusion must exist in the mind of the public generally and not just a few. Chappell v. Goltsman, supra.
In this case, the evidence shows that when some customers have come into plaintiff's place of business (in response to defendant's ads), they have stated they thought they were in one of defendant's stores. The converse, however, was not shown to have occurred. We think this tends to negate the conclusion that plaintiff's name has acquired a secondary meaning. If anything, it appears to show that defendant's name has acquired a secondary meaning.
Moreover, plaintiff has failed to demonstrate that defendant's use of its own name constitutes fraud. Unfair competition generally consists of "palming off" on customers, who are buying with ordinary care, the goods or business of one person as and for the goods or business of another. EmpireGuano Co. v. Jefferson Fertilizer Co., 201 Ala. 277, 78 So. 53
(1917). See also 87 C.J.S. Trade-Marks, Trade-Names, and Unfair Competition § 14. While it is true that actual fraud need not be shown and that constructive fraud is sufficient, nevertheless it must be shown that defendant's name was "calculated to deceive or likely to deceive". Food Centers,Inc. v. Davis, 286 Ala. 629, 244 So.2d 576 (1971); Fuqua v.Roberts, supra.
At trial, plaintiff failed of proof to show that usage of defendant's name was "likely to deceive" the public. In fact, plaintiff's counsel stated that both parties have proceeded in good faith to eliminate any confusion. Such testimony hardly seems consonant with any intent to deceive. Moreover, it seems difficult to conceive that defendant is attempting to "palm off" its goods as those of the plaintiff when the two businesses carry largely noncompetitive lines, appeal to different clientele, and the defendant's merchandise consists largely of higher priced lines.
We cannot agree with plaintiff's insistence that the ore tenus rule dictates affirmance. The ore tenus rule requires that a trial court's judgment be affirmed unless it is clearly and palpably wrong or *Page 9 
without supporting evidence, or is manifestly unjust. SterlingOil of Oklahoma, Inc. v. Pack, 291 Ala. 727, 287 So.2d 847
(1973). In this case, however, the facts are virtually undisputed, and we have reviewed the questions of law, finding that the trial judge erred to reversal in applying the law to the facts.
MOTION TO DISMISS APPEAL DENIED.
REVERSED AND RENDERED.
JONES, ALMON, SHORES and EMBRY, JJ., concur.