BLOODWORTH, Justice.
Appellants, Paul Coleman and C & G Excavating, Inc., appeal from a judgment for appellee, Louise Galbreath, holding that appellee is the owner of twenty-five shares of stock in C & G Excavating, Inc., and the owner of one share jointly with appellant, Coleman. We affirm.
In September 1974, Coleman and Gal-breath formed C & G Excavating, Inc., a Florida corporation, for the purpose of mining coal. They were sole stockholders with twenty-five shares issued to each and one share issued to them jointly. The shares were marked “fully paid and non-assessable.” Coleman and Galbreath served as sole directors and officers of the corporation, as well. Each was active in the day-to-day activities of the corporation. Coleman, as president, supervised the operation, and Galbreath, as secretary and treasurer, handled the bookkeeping.
Dissention developed in January 1975, and appellants filed suit in March 1975, contending, inter alia., that appellee Gal-breath had not paid $2,500.00 for her stock and the one share issued jointly and that the stock should, therefore, be returned to the corporation. Appellee Galbreath’s answer denied that she had failed to pay for the stock to which she had subscribed. She contended that she had paid for it as follows: (1) Coleman, who owed Galbreath for services rendered prior to the formation of the corporation, collected $2,000.00 from his debtor, Snyder, and, in the presence of Gal-breath, deposited the money on her behalf in the corporate account; (2) Galbreath contributed services for the balance. Both parties agree that resolution of this issue is to be decided in accordance with the applicable Florida law. It would serve no useful purpose to discuss the applicable Florida law since we conclude that a resolution of this issue is essentially factual.
The case was heard, ore tenus, in the Circuit Court of DeKalb County on the narrow issue of the stock ownership, i. e., whether Galbreath had paid for her stock. The court held, inter alia, that appellant, Coleman, had failed to meet the burden of proving that appellee Galbreath had not paid for the stock. The court further held:
“Although much of the testimony is in dispute, certain undisputed conduct of the parties supports a finding that Gal-breath’s stock was issued for full consideration. The stock was issued to her with the inscription, ‘fully paid and non-assessable.’ As a director, Coleman participated in the issuance of this stock. With Coleman’s consent and acquiescence, Gal-breath served as a director and officer of the corporation. As such, she attended meetings of the board of directors and signed minutes and other instruments incident to such meetings. Coleman and Galbreath both signed as stockholders when the corporation sought to obtain credit for the purchase of machinery in *890 January, 1975. Moreover, Coleman admitted in his testimony that he had recognized Galbreath as a stockholder, director, and officer during the latter part of 1974.
“When these undisputed facts are considered together with other evidence which tends to support the stock payment method outlined by Galbreath, the conclusion is that the stock issued to her was for full consideration.”
Appellants’ contentions on appeal are almost entirely centered around factual disputes. It has, of course, long been our rule that where the trial judge hears the evidence, ore tenus, his findings of fact cannot be disturbed on appeal unless they are plainly erroneous or manifestly wrong. Jefferson Home Furniture Co., Inc. v. Jefferson Furniture Co., Inc., 349 So.2d 5 (Ala. 1977). Here, we cannot say, after a careful review of the evidence, .that the trial judge’s findings of fact were plainly and palpably incorrect. Therefore, his judgment must be affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.