SHORES, Justice.
The plaintiff, Alabama Lock and Key Company, Inc., is a domestic corporation that has been in business for over 50 years. The defendant, Birmingham Lock and Key, Inc., is a competing domestic corporation owned by a former employee of the plaintiff. Both corporations do business in Jefferson County, Alabama.
In January 1987, the defendant began to use the name “Alabama Locksmith Services” and in July 1988 listed that name in the Birmingham telephone directory. In March 1989, the defendant listed “Alabama Locksmith Services” in the business section of the Birmingham telephone directory, in large red letters. This entry is alphabetically just below the smaller entry of Alabama Lock and Key Co.
On April 7, 1989, the plaintiff filed a complaint for preliminary injunction and for a declaratory judgment in the circuit court of Jefferson County. The plaintiff contends that the name Alabama Lock and Key Company has acquired a secondary meaning, and, therefore, that the defendant corporation should be enjoined from the use of the name “Alabama Locksmith Services.” In addition, the plaintiff avers that the name is so similar to the name of the plaintiff that its use by the defendant is calculated to cause, and does cause, confusion in the minds of customers and of the public, to the detriment of the plaintiff.
On May 19, 1989, a hearing on the request for a preliminary injunction was held. On June 2, 1989, the trial judge issued the following order:
“ORDER
“This cause came on to be heard at the time scheduled for a hearing on the Plaintiffs request for a preliminary injunction. Upon taking testimony and receiving other evidence, the Court has made the following preliminary findings of fact.
“1. The Defendant does business under several different names. Among these names are The Lock Doc, Birmingham Lock & Key, Birmingham Locksmith Services and Alabama Locksmith Services.
“2. The Plaintiff’s business was founded in 1936 and has continuously done business as Alabama Lock & Key Co. since that time. The Plaintiff was incorporated and added ‘Inc.’ to its name in about 1963.
“3. The plaintiff’s name is well recognized by the public.
“4. The Plaintiff is listed in the business section of the telephone directory under its name. The listing is in medium sized, black, capital letters.
“5. The Defendant intentionally listed the name Alabama Locksmith Services (which directly follows the Plaintiff’s listing) in large, red capital letters in an attempt to obtain part of the Plaintiff’s business.
“6. Various customers of the Plaintiff have been confused by the Defendant’s listing in the phone book and have called the Defendant when they intended to call the Plaintiff.
“Based on the facts set out above the Court is of the opinion that, while the Plaintiff may ultimately be able to obtain damages from the Defendant for its intentional acts, this is not a case in which a preliminary injunction should be issued. It is the opinion of the Court that the Plaintiff may not prevent the Defendant from using the word ‘Alabama’ in its name and that the names ‘Alabama Lock & Key Co., Inc.’ and ‘Alabama Locksmith Services’ are not sufficiently similar to *1242 authorize an injunction against the use of the name ‘Alabama Locksmith Services.’
“It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the Plaintiffs request for a preliminary injunction to enjoin the Defendant from using the name ‘Alabama Locksmith Services’ is denied.
“DONE and ORDERED this 2nd day of June, 1989.
“/s/ Jack D. Carl “Circuit Judge”
Alabama Lock and Key appeals from this denial of the requested preliminary injunction, under A.R.App.P. 4(a)(1)(A).
Given that the trial court found that confusion exists as to which company is which, the issue before us is whether the name Alabama Lock and Key has acquired a secondary meaning in the minds of the public. If so, the trial court erred in denying a preliminary injunction. We have stated the rule as to when a preliminary injunction should be issued:
“A trial court has wide discretion in determining whether to grant a preliminary injunction, and its decree will not be disturbed on appeal unless an abuse of that discretion is shown. Nevertheless, a trial court may be found to have abused its discretion where the decree violates some established rule of law or principle of equity or shows a clear and palpable error which results in manifest injustice. Teleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17 (Ala.1983); Watts v. Victory, 333 So.2d 560 (Ala.1976); Lorch, Inc. v. Bessemer Mall Shopping Center, Inc., 294 Ala. 17, 310 So.2d 872 (1975); Valley Heating, Cooling & Electric Co. v. Alabama Gas Corp., 286 Ala. 79, 237 So.2d 470 (1970).
“An injunction will not issue unless without it the plaintiff would suffer immediate and irreparable injury and unless the plaintiff has no adequate remedy at law. Teleprompter of Mobile, Inc. v. Bayou Cable TV, supra; First City National Bank of Oxford v. Whitmore, 339 So.2d 1010 (Ala.1976); Watts v. Victory, supra.”
Chunchula Energy Corp. v. Ciba-Geigy Corp., 503 So.2d 1211, at 1216, 1217 (Ala.1987).
The testimony reflects that the trial judge did not abuse his discretion in denying a temporary injunction. First, Alabama Lock and Key Company is not subject to immediate and irreparable injury. Although there was some testimony as to loss of business, the evidence did not rise to a showing of immediate and irreparable injury. In addition, as the trial judge noted in his order, damages are available and the plaintiff therefore has an adequate remedy at law.
Finally, there was no abuse of discretion by the trial court in applying the law. In Jefferson Home Furniture Co. v. Jefferson Furniture Co., we stated the general rule, as follows:
“The general rule is that there can be no trademark exclusively reserved in a geographical name, which is common property. Continental Paper & Bag Corp. v. Jacksonville Paper Co., 231 Ala. 400, 165 So. 216 (1936).
“However, it is also the general rule that where the geographic name has acquired a secondary meaning and signifies a certain quality of goods of a particular manufacturer or producer or dealer who has used that name, the name is protected to the extent that it is associated with that business and is attempted to be used by another in such a way as to constitute fraud. Id. at 402, 165 So. 216.”
349 So.2d 5, at 7-8 (Ala.1977).
The evidence offered by the plaintiff is not sufficient to prove a “secondary meaning” for the name “Alabama Lock and Key Company.” Alabama Lock and Key offered the testimony of Louis Wilhite, an expert in conducting surveys. He testified that 51 of the 55 persons he surveyed knew the name of Alabama Lock and Key. However, only 16% thought that Alabama Lock and Key and Alabama Locksmith Services were the same company; some 65% “did not know” or “were not sure.” Testimony was also given by several persons who had intended to telephone Alabama Lock and Key but had telephoned Alabama Lock *1243 smith Services instead, because they had been misled by the placing of the telephone advertisement in large red letters. The president and the receptionist for Alabama Lock and Key testified to a loss of business, but offered no figures.
For the reasons stated above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.