FAULKNER, Justice.
Plaintiff Air Products brought suit against Eugene W. Childs, d/b/a Farmers Agricultural Services, Inc., on open account and on a promissory note. The corporation itself was not included as a defendant. The trial court granted summary judgment for Air Products. We reverse.
It appears from materials submitted on summary judgment, apparently, by plaintiffs themselves, that Air Products was not entitled to summary judgment against Childs individually. The original complaint sought recovery on open account. Invoices completed by Air Products made reference only to Farmers Agricultural Services and in no way showed that Childs was individually liable on the account. The amended complaint sought recovery on a promissory note. The note stated, “For value received, Eugene W. Child [sic], individually for Farmers Agricultural Service [sic], Inc., the undersigned promises to pay . . .” The note was signed by “Eugene W. Child(s) for Farmers Agricultural Service [sic], Inc.” A space for the signature of “Eugene W. Child [sic], Individually” was left blank. Thus, the note itself presented a question of fact of whether or not Childs was individually liable on the note.
On summary judgment the moving party “must clearly establish that the other party could not recover under ‘any discernible circumstances.’ ” Folmar v. Montgomery Fair Co., Inc., 293 Ala. 686, 690, 309 So.2d 818, 822 (1975). Plaintiff has not done that here. In fact, Air Products has shown by its own supporting material that there is a question of fact of any individual liability on the part of Childs. Consequently, summary judgment was inappropriate.
REVERSED AND REMANDED.
TORBERT, C.'J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.