This case involves an action brought by the Alabama State Bar against a practicing attorney, Louis A. Mezrano, for failing to comply with the disciplinary rules regulating advertising by attorneys. The first charge alleges that Mezrano failed to include in his advertisement the disclaimer required by Disciplinary Rule (DR) 2-102 (A)(7)(f). The second charge alleges that Mezrano failed to deliver or mail to the General Counsel of the Alabama State Bar a true copy of his advertisement within three days of the date on which it was first published, as required by DR 2-102 (A)(7)(e). The third charge alleges that Mezrano was engaged in private practice under a misleading name at the time he published the advertisement, thus violating DR 2-102 (B).
Mezrano, a licensed lawyer since 1967, filed an answer to the disciplinary charges, admitting the factual allegations contained in the charges, but asserting that the Disciplinary Rules under which he was charged violate the freedom of speech and equal protection provisions of the United States Constitution. *Page 734 
At the Disciplinary Board hearing Mezrano testified that he had done business under the name "University Legal Center" for about two months, and that he had published the disputed advertisement in newspapers of general circulation in Jefferson County on two or three occasions in addition to the one specified in the disciplinary charges. Mezrano also testified that he had previously been associated with another legal clinic which had sponsored certain advertising that had been considered by the Bar Association as a violation of the rules governing lawyer advertising. Further, Mezrano admitted that when he placed the advertisement which formed the basis of the present charges against him, he was aware that the advertisement violated the provisions of the Alabama Code of Professional Responsibility.
On August 13, 1982, the Disciplinary Board found Mezrano guilty of all three charges against him and suspended him from the practice of law for a period of 120 days, to become effective 42 days after the date the Supreme Court of Alabama enters its order of suspension in this matter.
The issue presented on appeal is whether disciplinary rules 2-102 (A)(7)(f), 2-102 (A)(7)(e) and 2-102 (B) of the Alabama State Bar are invalid restrictions upon freedom of speech as applied to Mezrano's advertisement and thus violative of his First and Fourteenth Amendment rights. We will discuss each disciplinary rule separately.
Mezrano contends that the requirement of DR 2-102 (A)(7)(f), that lawyer advertisements contain a specified disclaimer, is an unconstitutional infringement upon commercial free speech. Disciplinary Rule 2-102 (A)(7)(f) provides the following:
 "DR 2-102 Professional Notices, Letterheads, Offices, and Law Lists.
 "(A) A lawyer or law firm shall not use professional announcement cards, office signs, letterheads, telephone directory listings, similar professional notices or devices or newspapers, except that the following may be used if they are in dignified form:
"* * *
 "(7) Commercial advertising by lawyers is permissible, subject to the following limitations, qualifications, and requirements:
"* * *
 "(f) Except in an advertisement containing only that information permitted by DR 2-102 (A)(2) announcing the formation or change of partnership or association or change in location of the attorney's office, no advertisement shall be published unless it contains, in legible print, the following language: "`No representation is made about the quality of the legal services to be performed or the expertise of the lawyer performing such services.'"
Mezrano claims that his advertisement met the requirements ofBates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691,53 L.Ed.2d 810 (1977). In Bates, the United States Supreme Court stated that price advertising of routine legal services was constitutionally protected. Mezrano, like Bates, advertised routine legal services; however, he admittedly did not include the disclaimer required by DR 2-102 (A)(7)(f) in his advertisement.
We are of the opinion that this disclaimer requirement is constitutional. The United States Supreme Court in Bates
stated:
 "We do not foreclose the possibility that some limited supplementation, by way of warning or disclaimer or the like, might be required of even an advertisement of the kind ruled upon today so as to assure that the consumer is not misled." 433 U.S. at 384, 97 S.Ct. at 2709.
The Bates court also stated:
 "Although, of course, the bar retains the power to correct omissions that have the effect of presenting an inaccurate picture, the preferred remedy is more disclosure, rather than less. If the naiveté of the public will cause advertising by attorneys to be misleading, then it is the bar's role to assure that the populace is sufficiently informed as to enable it to place *Page 735 
advertising in its proper perspective." Id., at 375, 97 S.Ct. at 2704-2705.
The U.S. Supreme Court again examined the matter of lawyer advertising in the recent case of In the Matter of R.M.J.,455 U.S. 191, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982). The appellant lawyer in R.M.J. had been found guilty of violating several advertising provisions of the Missouri Canons of Professional Responsibility, including a requirement that lawyer advertisements include a specified disclaimer of certification of expertise following any listing of specific areas of practice. Although no challenge was made to the constitutionality of the disclaimer requirement, the Court did note that the Bates decision suggested the use of disclaimer requirements to protect the public from misleading lawyer advertising. The Court noted:
 "Even as to price advertising, the [Bates] Court suggested that some regulation would be permissible. For example, . . . the bar could require disclaimers or explanations to avoid false hopes. . . ." Id., 455 U.S. at 200, 102 S.Ct. at 936, 71 L.Ed.2d at 72, n. 11.
We opine that Mezrano should have included the disclaimer in his advertisement as required by disciplinary rule 2-102 (A)(7)(f). The Alabama Bar Association has no rating system. Applicants for bar admission in this state do not receive their scores on the bar examination if they pass. The Alabama Bar does not identify attorneys as specialists. Therefore, we feel that attorneys' representations about the quality of their legal services could very well mislead the public. Upon passing the bar examination, all attorneys are presumed to be on an equal footing. Thus, the Alabama State Bar could reasonably conclude that attorneys should not hold themselves out as being superior to other attorneys when there is no rating system in this state.
In this case, Mezrano did not comply with the disciplinary rule, as he did not include the disclaimer in his advertisement.
Mezrano also contends that the requirement of Disciplinary Rule 2-102 (A)(7)(e), that copies of all lawyer advertisements be sent to the General Counsel of the State Bar within 3 days of first publication, violates the constitutional guarantee of commercial free speech. Disciplinary Rule 2-102 (A)(7)(e) provides the following:
 "DR 2-102 Professional Notices, Letterheads, Offices, and Law Lists.
 "(A) A lawyer or law firm shall not use professional cards, professional announcement cards, office signs, letterheads, telephone directory listings, law lists, legal directory listings, similar professional notices or devices or newspapers except that the following may be used if they are in dignified form:
"* * *
 "(7) Commercial advertising by lawyers is permissible, subject to the following limitations, qualifications, and requirements:
 "(e) A true copy of all such advertisement shall be delivered or mailed to the general counsel of the Alabama State Bar at its then current office headquarters within three days of the date on which any such advertisement is first published; the contemplated duration thereof, and the identity of the publisher of such advertisement, either within the advertisement or by separate communication accompanying said advertisement, shall be stated."
Mezrano claims that requiring him to submit a copy of the advertisement within three days of publication is a "prior restraint" on speech, even though its submission is not required until after it is published. The Alabama State Bar asserts, however, that this requirement is a reasonable one which allows the State Bar to spot advertisements that are inherently or potentially deceptive and take steps to stop the misleading advertisements or to warn the public about them. We agree with the State Bar. The benefits gained by examining all attorney advertisements shortly after their first publication outweighs the minimal burden of this procedure.
We note that a similar procedure of supervising attorney advertising was suggested *Page 736 
by the United States Supreme Court in In Re: R.M.J., supra. The Court stated:
 ". . . by requiring filing with the Advisory Committee a copy of all general mailings, the State may be able to exercise reasonable supervision over such mailings. . . ."
The Advisory Committee serves the same function in Missouri as the General Counsel of the State Bar serves in Alabama. Thus, we opine that the requirements of DR 2-102 (A)(7)(e) are consistent with the procedure suggested by the United States Supreme Court.
Mezrano finally contends that the absolute prohibition in Disciplinary Rule 2-102 (B) of a lawyer's practicing under a trade name is in violation of the constitutional protection of commercial free speech. DR 2-102 (B) provides the following:
 "DR 2-102 Professional Notices, Letterheads, Offices and Law Lists.
"* * *
 "(B) A lawyer in private practice shall not practice under a trade name, a name that is misleading as to the identity of the lawyer or lawyers practicing under such name, or a firm name, containing names other than those of one or more of the lawyers in the firm, except that the name of a professional corporation or professional association may contain `P.C.' or `P.A.' or similar symbols indicating the nature of the organization and if otherwise lawful a firm may use as, or continue to include in, its name the name or names of one or more deceased or retired members of the firm or of a predecessor firm in a continuing line of succession. A lawyer who assumes a full-time judicial, public executive or administrative post or office shall not permit his name to remain in the name of a law firm or to be used in professional notices of the firm during any significant period in which he is not actively and regularly practicing law as a member of the firm, and during such period other members of the firm shall not use his name in the firm name or in professional notices of the firm."
Mezrano claims that his advertisement under the name "University Legal Center"[1] is not misleading and that the Alabama State Bar suggested no substantial interest in the prohibition.
We note, however, that Mezrano's office is located on University Boulevard in very close proximity to the University of Alabama in Birmingham and that he is not affiliated with the University. We feel that the general public may associate Mezrano with the University due to the name of the "legal center" and its location, thus being misled as to his identity. This use of the name is in violation of DR 2-102 (B).
As to the Alabama State Bar's substantial interest in the prohibition, it should be noted that DR 2-102 (B) was adopted verbatim from the model code of professional responsibility of the American Bar Association. Furthermore, as stated in Bates, supra, advertising that is deceptive or misleading is subject to restraint.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.
[1] This Court was informed in oral argument that Mezrano was no longer using the name "University Legal Center." *Page 737