PER CURIAM.
Dr. Donald D. Ross and Dr. Donald D. Ross, Jr. (“the Rosses”), were charged by the Alabama Board of Chiropractic Examiners (“the Board”) with violations of Ala.Code 1975, § 34-24-166(b)(16), and Rule 190-X-5-.04(3)(q)l. and Rule 190-X-5-.04(3)(b) of the Rules and Regulations governing the practice of chiropractic in Alabama.
The alleged violations were based on conduct related to an advertisement published in the 1996 BellSouth telephone directory for the city of Huntsville. The first alleged violation concerned the use of the phrase “Consultation @ No Charge,” in the published advertisement, which failed to state that additional charges may be incurred for related services and failed to provide the possible range of those charges, as mandated by Rule 190-X-5.04(3)(q)l. The second alleged violation concerned information in the same advertisement, information the Board found to be misleading, in violation of Rule 190-X-5-.04(3)(b). In the advertisement, the Rosses, who are chiropractors, were listed along with Dr. Chris Coffey, a medical doctor, as members of the American Chiropractic Association, the American Medical Association, and the American College of Sports Medicine. It is undisputed that the Rosses are chiropractors and are not eligible for membership in the American Medical Association; therefore, the Board found this advertisement to be misleading, in violation of Ala.Code 1975, § 34-24-166(b)(16) and Rule 190-X-5-.04(3)(b).
An administrative hearing was conducted on July 12, 1997, pursuant to Ala.Code 1975, § 34-24-167. The Board adopted the recommendations of the hearing officer who presided at the hearing and found the Rosses guilty of both violations. The Rosses filed a notice of appeal with the circuit court of Montgomery County. Following a hearing, the circuit court affirmed the Board’s decision. The Rosses filed a Rule 59, Ala.R.Civ. P., motion to alter, amend, or vacate the judgment; that motion which was denied on May 5,1998. The Rosses appealed.
The Administrative Procedure Act provides that, in a judicial review of an agency decision, “ the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute.” § 41-22-20(k), Ala.Code 1975. We review the trial court’s judgment with no presumption of correctness, because that court was in no better position to review the agency decision than we are. Alabama Renal Stone Institute, Inc. v. Alabama Statewide Health Coordinating Council, 628 So.2d 821, 823 (Ala.Civ.App.1993). Great weight is accorded an administrative decision, because of the special competence of the agency. State Dep’t of Revenue v. Acker, 636 So.2d 470 (Ala.Civ.App.1994). This court will affirm the decision of the agency unless it is arbitrary, capricious, or not in compliance with applicable law. Neither this court nor the circuit court may substitute its judgment for that of the administrative agency. Id.
Ala.Code 1975, § 34-24-166(b)(16), provides that the Board may fine any licensed chiropractor, or revoke or suspend the license of any chiropractor,'who is found guilty of “advertising in any manner which violates the rules and regulations established by the board.” Rule 190-X-5.04(3), an administrative regulation promulgated under this statute, provides in pertinent part:
“(3) Certain Advertising -Prohibited. Any chiropractor who disseminates or causes to be disseminated or allows to be disseminated any advertising which is in any way false, misleading, or which has the capacity or tendency to deceive, or mislead the recipient in any manner, shall be deemed to be in violation of Code of Ala. 1975, § 34-24-166(16). Any advertisement or advertising shall be deemed by the Board to be false, deceptive, or misleading and in violation of [§ 34-24-166(16) ], if the Board determines that the advertising displays any of the following characteristics:
*542 [[Image here]]
“(q) The advertising offers gratuitous services or discounts in connection with professional services provided, however, that advertising may offer gratuitous services or discounts if:
“1. such advertising clearly and conspicuously states whether or not additional charges may be incurred for related services which may be needed and/or appropriate in individual cases, and the possible range of such additional charges if such charges may be incurred;
“2. such advertising is not otherwise false, fraudulent, deceptive, misleading or confusing.”
(Emphasis added.)
The Rosses initially challenge the constitutionality of Rule 190-X-5-.04(3)(q)l., arguing that the United States Supreme Court has held that the advertisement of an initial consultation is not misleading. Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). Upon review of the record, we note that this issue was not raised before the trial court. In order for this court to review a constitutional challenge, the challenge must have been raised in a lower court that had jurisdiction to adjudicate the issue. Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313, 322 (Ala.1992) (citing Docena Fire District v. Rucker, 564 So.2d 422, 424 (Ala.1990) and Wallace v. State, 507 So.2d 466 (Ala.1987)). Because the Rosses failed to raise this issue before the trial court, it is not properly before this court and therefore may not be considered.
The Rosses further argue that the phrase “Consultation @ No Charge” contained in them advertisement did not violate Rule 190-X-5-.04(3)(q) because, they argue, the term “consult” is defined in Merriam Webster’s Collegiate Dictionary (10th ed.1997) as “to ask the advice or opinion of.” The Rosses contend that their giving advice or an opinion did not constitute a professional service and, therefore, that Rule 190-X-5-.04(3)(q) does not apply. However, the elder Dr. Ross testified at the hearing before the Board that in order to give medical advice he would have to perform an examination and to take a history of the patient and there would be charges associated with those tasks. Following an administrative proceeding, the Board’s hearing officer concluded that the Rosses’ advertisement was “misleading” and violated subsection (q). The Board adopted the hearing officer’s recommendations and found the Rosses guilty of violating subsection (q) “in that the advertisement offers gratuitous services without a disclaimer that states whether or not additional charges may be incurred for needed or appropriate related services and the possible range of such additional charges if incurred.”
The circuit court affirmed the Board’s order. With respect to that portion of the Board’s order concerning the alleged violation of subsection (q), the trial court opined that “[b]ecause the advertisement offered gratuitous services without including the required language [indicating] that additional charges may be incurred for related services which may have been needed ... the advertisement itself provided substantial evidence to support the Board’s determination that the advertisement is misleading ” (emphasis added).
In their brief on appeal, the Rosses contend that the circuit court based its judgment affirming the Board’s findings as to subsection (q) on a ground not presented in the Board proceeding. We cannot agree. The trial court specifically considered the question of the sufficiency of the evidence, and in its judgment it concluded that the record contained substantial evidence supporting the Board’s determination that the Rosses’ advertisement of “Consultation @ No Charge” was misleading. This is precisely the function of the trial court in an administrative proceeding. See § 41-22-20(k)(6), AJa.Code 1975.
Moreover, Rule 190-X-5-.04(3) clearly provides that if the advertising at issue “displays any of the ... characteristics” listed in subsection (q), the advertising “shall be deemed by the Board to be false, deceptive, or misleading.” Even assuming, without conceding, that the trial court actually used the term “false” to describe the Rosses’ use of the phrase “Consultation @ No Charge,” we conclude that any such use of the term *543 would necessarily constitute, at most, harmless error not affecting the substantial rights of the parties, Rule 45, Ala.R.App.P., and would therefore not be reversible.
The Rosses also contend that the circuit court erred in affirming the Board’s decision because, they argue, no evidence of consumer reaction to the advertisement was presented in support of the allegation that the advertisement was “misleading.” The Rosses cite Lyon v. Alabama State Bar, 451 So.2d 1367, 1371 (Ala.1984), as part of their argument. Lyon involved a disciplinary proceeding against two attorneys for deceptive advertising. The advertisement at issue in that case listed a number of services with scheduled fees that corresponded to the services, as follows:
“UNCONTESTED DIVORCES. .$145.00
“W/Agreement.$250.00
“PERSONAL BANKRUPTCY.. .$350.00
“SIMPLE WILLS. $75.00
“Video Taped Will.$250.00”
The attorneys who were charged with violating the disciplinary rule were questioned by various members of the Disciplinary Board regarding the meaning of the phrase “video taped will.” The Disciplinary Board contended that given that the members of the Board were all experienced attorneys, and that they were confused about the meaning of the phrase, then clearly lay members of the public would be misled by the term. Our supreme court found this contention insufficient and stated that, without evidence showing that consumers had actually been deceived or confused by the term “video taped will,” the Alabama State Bar had failed to meet its burden of proving by a preponderance of the evidence that the attorneys charged had violated the rules. Lyon, 451 So.2d at 1371.
With respect to Rule 190-X-5-.04(3)(q), we note that the Board is not required to produce evidence of consumer reaction to the advertisement in order to prove a violation of the rule, because the rule provides that any advertisement displaying the listed characteristics “shall be deemed by the Board to be false, deceptive, or misleading ” (emphasis added). With respect to the violation of Rule 190-X-5-.04(3)(b), we find the facts presented in the present case to be distinguishable from those presented in Lyon. The phrase under scrutiny in Lyon, “video taped will,” was an undefined term and the meaning of the phrase was vague. The supreme court reasoned that the Bar had introduced no evidence to demonstrate that the phrase “video taped will” caused the advertisement to be misleading. The Lyon court held that the Disciplinary Board’s conclusion that the phrase was misleading, which the Board reached without hearing evidence of consumer reaction, was insufficient to meet the Bar’s burden of proving that the attorneys charged with the violation had acted improperly. Implicit in the court’s analysis was the reasoning that the simple fact that the phrase was misleading to the experienced attorneys who were members of the Disciplinary Board was no indication that the phrase would mislead the average consumer. Lyon, 451 So.2d at 1371. In the present case, the misleading nature of the information regarding the affiliations of the professionals was apparent from the face of the advertisement. The pertinent part of the advertisement read as follows:
“Donald D. Ross, D.C.
“Donald D. Ross, Jr., D.C.
“Chris Coffey, M.D.
“Members Of:
“American Chiropractic Association
“American Medical Association
“American College of Sports Medicine”
The advertisement listed the two chiropractors, Dr. Donald Ross and Dr. Donald Ross, Jr., along with Dr. Chris Coffey, a medical doctor, and portrayed all three individuals as members in three professional organizations. The record reflects that the Rosses are not members of the American Medical Association; Dr. Donald D. Ross is not a member of the American College of Sports Medicine; and Dr. Chris Coffey is not a member of the American Chiropractic Association. The advertisement clearly fails to accurately designate the membership affiliations of the various health-care professionals listed.
Unlike the circumstances involved in Lyon, in which the Disciplinary Board was held not to have carried its burden of proving that the term “video taped will” was misleading or confusing, the advertisement in the present *544 case presented information that the Board could easily recognize as misleading, even without evidence of consumer reaction to the advertisement.
We conclude that the Board met its burden of proving the violations by substantial evidence. Accordingly, we find no error in the circuit court’s order affirming the decision of the Board.
AFFIRMED.
ROBERTSON, P.J, and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.