BRADLEY, Judge.
This is an appeal from the trial court’s issuance of a temporary injunction.
This action began when Dr. James Franks (Franks), a duly licensed dentist, filed a complaint for declaratory judgment which alleged that Act 85-697 was unconstitutional. The complaint further alleged that the members of the Board of Dental Examiners (Board) were engaged in the arbitrary, capricious, unequal, and discriminatory enforcement of that provision of Act 85-697, now section 34-9-19(c)(10), Code 1975, which provides: “(10) All advertisements shall contain, in legible print, the following language: ‘No representation is made about the quality of the dental services to be performed or the expertise of the dentist performing such services.’ ” (emphasis added)
It was alleged that the Board was requiring dentists who placed advertisements over one and one-half inches by one and one-half inches in size in the South Central Bell Yellow Pages to include the above disclaimer while not requiring the same disclaimer to be used in advertisements which are under one and one-half inches by one and one-half inches in size. Franks contends that his business will suffer irreparable harm if some advertisements (such as his) have disclaimers and others do not, for the public will then infer that the dentists without disclaimers are more qualified than the ones with disclaimers. The complaint urged no delay in determining Frank’s rights because the deadline for submitting Yellow Pages advertising was imminent.
Franks also filed a motion for temporary injunction, asking the trial court to enjoin the Board from enforcing section 34-9-19(c)(10) in such an arbitrary, capricious, unequal, and discriminatory manner.
A hearing on the motion for a temporary injunction was held in May 1986. Subsequently, the trial court ordered that, based on Lyon v. Alabama State Bar, 451 So.2d 1367 (Ala.1984), and cases cited therein, the disclaimer required by section 34-9- *519 19(c)(10) was valid and not an infringement of Franks’s right of free speech. Further, the trial court concluded that the Board erred in not requiring the disclaimer in advertisements in the Yellow Pages which are smaller in size than one and one-half inches by one and one-half inches. In the trial court’s opinion, the statute required the disclaimer in “all advertisements” and there was “no reasonable basis for concluding that advertisements less than one and one-half inches in size cannot also contain false or misleading information concerning the services of the particular dentist.”
In answer to the Board’s argument that there was a reasonable basis for its interpretation in that Bell-South Advertising and Publishing Corporation, which produces the Yellow Pages, had informed the Board of the impossibility of including the disclaimer in advertisements of less than one and one-half inches, the trial court stated, “there will then be no advertisements less than one and one-half inches in size, since the advertisement may not be made without the required disclaimer.”
The trial court, however, did conclude that:
“The listing in the Yellow Pages by a dentist of his name, address, telephone number, office hours and type of practice, so long as the listing is not in distinctive form or type, is not an ‘advertisement’ within the meaning of that word as used in § 34-9-19(c)(10), and the disclaimer required by that section is therefore not required in connection with such listing.”
The Board appealed the granting of the temporary injunction.
On appeal the Board raises five issues. In its first three issues the Board contends that the trial court cannot set aside the decision of an administrative agency and substitute its judgment for that of the agency when the agency’s determination was based on a reasonable set of facts.
The Board argues that it had interpreted section 34-9-19(e)(10) based on Bell-South’s information that it was impossible to include the disclaimer in advertisements of less than one and one-half inches. When the Board construed section 34-9-19(c)(10), it was acting in its legislative capacity. The courts, when considering the constitutionality of a legislative act, should seek to uphold the act unless it clearly violates fundamental law. Horn v. Citizens Hospital, 425 So.2d 1065 (Ala.1982).
In the case at bar the trial court concluded that the Board’s interpretation of section 34-9-19(c)(10) violated Franks’s equal protection rights because it treated similarly situated dentists differently. Moreover, the trial court questioned. the reasonableness of the Board's basis for the interpretation of the Code section.
At the hearing on the application for temporary injunction, Lucy Brasher of Bell-South Advertising testified that the disclaimer could not possibly be included in one-half inch advertisements, but that it was possible to include the disclaimer in one-inch advertisements though the disclaimer would take up most of the advertisement. She testified that BellSouth had made a decision that it would not be good customer service to put the disclaimer in an advertisement of less than one and one-half inches. Therefore, it was BellSouth’s policy that the one and one-half inch advertisement would be the smallest to contain the disclaimer.
Based on this policy, the Board concluded that a reasonable basis had been established for not requiring the disclaimer in advertising of a certain size. Yet, in the field of radio and television it was shown that requiring the disclaimer in ten-second commercials would take up most of the time in the commercial and thereby eliminate it as an effective medium of advertising by dentists. Nevertheless, the Board required the disclaimer. The effect of this requirement, according to the evidence, was to eliminate the use of the ten-second commercial.
Dr. Reginald Bedingfield, the president of the Board, testified at the hearing. He stated that the purpose and main objective of the disclaimer was to protect the public from false or misleading advertising. Dr. Bedingfield was shown an advertisement in *520 the current Yellow Pages. He expressed concern that the content of the advertisement was potentially misleading or deceptive. It was emphasized that the advertisement was only one inch in size and would not be required to have the disclaimer.
Based on this evidence and the other evidence in the record, we conclude that the trial court reasonably found that the Board had attempted to enforce section 34-9-19(c)(10) in an arbitrary and discriminatory manner.
The Board also contends that the trial court erred when it stated that a dentist listing his name, address, telephone number, office hours, and type of practice in the Yellow Pages (so long as the listing was not in distinctive form or type) was not advertising within the meaning of section 34-9-19(c)(10). The Board says that the trial court exceeded its authority by defining advertisement in such a manner.
This aspect of the trial court’s decree was not a part of the request for a temporary injunction and will be considered by this court as surplusage. We conclude that this issue should more properly be considered by the trial court at the hearing on the merits of this controversy.
In regard to its fourth and fifth issues the Board contends that Franks did not produce facts which would entitle him to a temporary injunction. The Board states that Franks should have demonstrated that irreparable injury (loss of patients and damage to reputation) is imminent. Howell Pipeline Co. v. Terra Resources, Inc., 454 So.2d 1353 (Ala.1984).
The decision to grant a motion for temporary injunction is within the discretion of the trial court hearing the motion. Alabama Education Association v. Board of Trustees, 374 So.2d 258 (Ala.1979). The trial court’s order will not be reversed on appeal unless there is a showing of abuse or improper exercise of that discretion and that a manifest injustice will result. Id.
There are certain requirements which must be met when a temporary injunction is sought. These requirements are: (1) the trial court must find that there is a right to be protected and temporary interference is needed to preserve the status quo; (2) an injunction is needed to prevent irreparable injury; (3) the injury must be both imminent and irreparable in a court of law — there must be more than mere apprehension of an injury. John Lloyd & Co. v. Stringer, 456 So.2d 1076 (Ala.1984). The party seeking the preliminary injunction need not show with absolute certainty that he will prevail on the merits; moreover, the relative degree of likelihood of success is not alone determinative. Gartell v. Knight, 546 F.Supp. 449 (N.D.Ala.1982).
Franks testified at the hearing. He stated that since the disclaimer has been appearing in his advertisements he has received many questions from patients concerning the disclaimer. He further testified that since using the disclaimer the volume of his work had decreased. He also testified that his income had decreased since he included the disclaimer in his advertisements. Franks testified that, in his judgment, a consumer would believe that a dentist without the disclaimer is more reliable than a dentist with the disclaimer.
The Board argues that, since the evidence indicates that Franks already advertises in the printed media and on radio and television using the required disclaimer, irreparable injury will not result if he includes the disclaimer in his Yellow Pages advertising. However, in these other modes of advertising, there has been equal application of section 34-9-19(c)(10) by the Board, and all dentists using those forms of advertising have been required to use the disclaimer.
Franks’s testimony as to decreased business and income and the questions from patients reflected what occurred even though all dentists using those forms of advertising were required to use the disclaimer. Therefore, injury due to the disclaimer had already occurred under conditions where all dentists were treated the same. If the Board’s interpretation regarding Yellow Pages advertising were allowed to stand, all dentists would not be treated the same. Irreparable injury *521 would result when a consumer looking in the Yellow Pages for dental services infers that a dentist with no disclaimer is more reliable than a dentist required to have a disclaimer. Hence, there was evidence before the court that irreparable injury to Franks was imminent if the Board’s rule was allowed to remain in effect. Therefore, the trial court did not abuse its discretion in granting the temporary injunction to maintain the status quo pending a final decision in the matter.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.