On October 6, 1993, David Perley filed two actions in the Jefferson Circuit Court. The first was a shareholder's derivative action against Tapscan, Inc., an Alabama corporation. The second was an action against Tapscan's majority shareholder, Cooper M. Schley, Jr., individually. Later, Perley filed motions seeking preliminary injunctions against Tapscan, which the trial court denied. These appeals are from the trial court's denial of those motions for injunctive relief. See Davis v. Hester, 582 So.2d 538
(Ala. 1991) (this Court has jurisdiction over an appeal from an interlocutory order refusing an injunction); Rule 4(a)(1)(A), A.R.App.P.
 I.
David Perley is a 43% shareholder (holding 100% of the class B stock), a member of the board of directors, and theformer president and chief operating officer of Tapscan, Inc. Cooper Schley owns the remaining 57% of Tapscan stock (holding 100% of the class A stock) and is the other member of the two-member board of directors. Historically, Schley has been the chairman of the board and the chief executive officer, but he has apparently also now replaced Perley as president and chief operating officer.
Tapscan, founded in 1983, develops computer software used in the management and analysis of ratings data for radio and television stations. It is not governed by close corporation law. In 1985, Tapscan's original articles of incorporation were amended to create the above-noted class A stock and class B stock, which have equal voting rights, i.e., the right to elect one director to the board. Tapscan has been an extremely successful business even though there have been serious personal and professional disagreements between Perley and Schley for more than five years.
Perley's two motions for preliminary injunctions arise from Schley's attempt to amend Tapscan's bylaws. On December 23, 1993, a properly noticed special meeting of the shareholders (Schley and Perley) was held. At the meeting, Schley moved to adopt certain amendments to the bylaws, the most important being an amendment that would let the shareholders vote to break a deadlock of the board. The meeting was adjourned with Schley, and the new corporate counsel hired by Schley, contending that the bylaw amendments had passed and were valid under Alabama corporate law, while Perley argued that they were invalid under Alabama law and, thus, were void.
 A. The First Motion for a Preliminary Injunction
On December 27, 1993, Perley filed a motion with the trial court to grant a preliminary injunction enjoining Tapscan from operating under the amended bylaws. After a hearing, the trial court ruled that the amendments, including the provision to block a board deadlock by shareholder vote, were properly adopted and were valid under Alabama law. Then, based on that ruling and a finding that Perley had not met his requiredshowing of irreparable injury, the trial judge denied Perley's motion for injunctive relief. Perley appealed that ruling on January 5, 1994 (appeal 1930393).
After the trial court denied Perley's first motion for a preliminary injunction, a properly noticed special meeting of shareholders and meeting of the board of directors was held on January 6, 1994. The board became deadlocked while electing officers and, according to the deadlock provision of the amended bylaws, Schley voted his 57% majority of the stock to break the deadlock. Through the use of that procedure, Schley elected himself chief executive officer, president and chief operating officer, secretary, and treasurer of Tapscan. Perley was not re-elected to his former office of president and chief operating officer. He was also ejected from any position as an employee of Tapscan.
 B. The Second Motion for a Preliminary Injunction
On January 7, 1994 Perley filed a second motion for a preliminary injunction, seeking *Page 587 
(1) to invalidate the corporate elections that had been based on the amended bylaws and (2) to reinstate himself as president of Tapscan. Following a second hearing, at which the trial judge ruled that Perley had not shown irreparable injury, the court on January 10 denied the motion for preliminary injunction as to both requests for relief. Perley appealed that ruling as to both requests on January 12 (appeals 1930476 and 1930477). Perley also moved this Court for an injunction pending this Court's ruling on the appeals; this Court denied that motion on March 1, 1994.
On appeal, Perley and an amicus curiae, law professor Howard Walthall, contend that this Court must determine the legality of the bylaw amendments before it can consider the issue of the trial judge's denial of Perley's motion for a preliminary injunction to prevent Tapscan from operating under the bylaw amendments. We disagree. Even though the trial court ruled that the bylaw amendments were valid, the court based its denial of Perley's first motion for a preliminary injunction on a finding that Perley had not met his required showing that he would incur irreparable injury if Tapscan was allowed to proceed under the amended bylaws.
 II. Standard of Review
The trial court heard testimony with regard to both of Perley's motions for an injunction. Thus, the ore tenus rule applies to the trial court's findings on questions of fact relating to that oral testimony. Further, a request for equitable relief is within the sound discretion of the trial court. Davis, supra; Alabama Power Co. v. Drummond,559 So.2d 158 (Ala. 1990). Thus, in order for this Court to reverse the trial court's denial of Perley's motions for preliminary injunctions, we must conclude that that court committed plain and palpable error. Drummond.
In order for a trial court to grant a preliminary injunction, the plaintiff must show all of the following: (1) that without the injunction the plaintiff would suffer immediate and irreparable injury; (2) that the plaintiff has no adequate remedy at law; (3) that the plaintiff has at least a reasonable chance of success on the ultimate merits of his case; and (4) that the hardship imposed on the defendant by the injunction would not unreasonably outweigh the benefit accruing to the plaintiff. Martin v. First Federal Savings Loan Ass'n ofAndalusia, 559 So.2d 1075 (Ala. 1990); Board of Dental Examinersof Alabama v. Franks, 507 So.2d 517 (Ala.Civ.App. 1986), writ quashed, 507 So.2d 521 (Ala. 1987).
 III. Discussion
After each hearing on Perley's two motions for a preliminary injunction, the trial judge clearly ruled that Perley hadnot met his burden of showing that he or Tapscan would suffer irreparable injury if the injunctions were not granted. "Irreparable injury" is an injury that is not redressable in a court of law through an award of money damages. Triple JCattle, Inc. v. Chambers, 551 So.2d 280 (Ala. 1989). Thus, we must affirm the trial court's rulings unless its finding of no irreparable injury was plainly and palpably wrong.
In his attempt to show that he and Tapscan would suffer irreparable injury if the injunctions were not granted, Perley testified that he was of critical importance to Tapscan's marketing strategy and that the time at which he sought the injunctions was the time of year when many of the contracts with Tapscan's clients came up for renewal. He further testified that Tapscan was undergoing increased competition from another company that offered a newer and slightly better computer program. He contended that if he were not put back in charge of Tapscan's marketing group, then Tapscan would suffer a significant financial setback from which it might never recover. Perley also offered testimony from a witness with more than 50 years of experience in the radio industry, who testified that it would be a serious blow to the company's reputation for Perley no longer to be associated with Tapscan.
In response, the defendants offered the affidavits of several Tapscan employees, who stated that Perley was actually a significant detriment to the company's operations because of the poor manner in which they said *Page 588 
he treated both its employees and its clients. The defendants presented testimony that Tapscan is involved in a serious business dispute because, they said, Perley had reduced the payment due to one of Tapscan's data suppliers simply because he did not believe the supplier should earn that much money from Tapscan.
After receiving testimony at each of the hearings on Perley's motions for a preliminary injunction, the trial court ruled that Perley had not met his burden of showing an irreparable injury. The court concluded that money damages would be a sufficient remedy for any injury suffered by Perley. At the January 3, 1994, hearing on Perley's first motion for a preliminary injunction, in which he asked the court to declare that the amendments to Tapscan's bylaws had not been legally adopted and to enjoin the company from operating under them, the following colloquy occurred:
 "[THE COURT]: I think, Mr. Bolus [Perley's attorney], that Mr. Perley had stated very succinctly on this stand the problem Tapscan has with this on-going litigation. And the deadlock and the seeming irreconcilable conflict between Mr. Perley and Mr. Schley, there has got to be some provision for resolving this. Mr. Bolus, I see no irreparable injury . . . I see — number one, I see I've got no evidence of any kind of a viable threatened harm. Number two, I see no evidence of any kind of harm that cannot be addressed in money damages; therefore, your motion for a preliminary injunction has got to be denied.
 "[MR. BOLUS]: Your Honor, if I may, if January 6 comes around and action is taken which in any way demotes Mr. Perley or takes away his authority, the damage has been done and it's too late to repair. I see what you're saying, that the actions have not taken place yet that we are telling you are threatened but, once that takes place, irreparable injury has already occurred and seeking an injunction at that point would almost be frivolous.
 "[THE COURT]: That's the reason I hold that money damages would be an adequate remedy for that injury. Furthermore, the — it would be my holding that these by-laws and amendments were directly [sic] passed and are in place.
". . . .
 "[THE COURT]: You bring me absolutely no evidence, Mr. Markstein [another attorney for Perley], that entitles you to any of the relief you have asked for; therefore, I have no choice but to overrule your motion."
(Emphasis added.)
During the January 10, 1994, hearing on Perley's second motion for a preliminary injunction, which asked the court to reinstate him as president of Tapscan, the trial judge concluded:
 "[THE COURT]: I hear you, Mr. Bolus [Perley's attorney], but I think that the — I don't see evidence of irreparable harm if I don't do it, and conversely I am not satisfied totally that it is anything but the greater good to leave Perley where he sits right now, which is — which is, I guess, unemployed. I am sorry."
(Emphasis added.)
Having reviewed the record of the hearings on each of Perley's motions for a preliminary injunction, we conclude that the evidence clearly supports the trial court's finding that Perley did not make his required showing of irreparable injury. Thus, we need not consider at this time the issue whether the bylaw amendments challenged by Perley are valid under Alabama law. The judgments denying injunctive relief are affirmed.
1930393 — AFFIRMED.
1930476 — AFFIRMED.
1930477 — AFFIRMED.
SHORES, STEAGALL, INGRAM and COOK, JJ., concur.
MADDOX and HOUSTON, JJ., concur specially.