SEE, Justice
(concurring specially).
I concur with the majority’s conclusion that the trial court erred in entering a preliminary injunction requiring the commissioner of revenue to place franchise tax receipts from foreign corporations into an escrow account. I write specially to emphasize that although the plaintiff taxpayer, which is a foreign corporation, has demonstrated a likelihood of success on the merits, it has not demonstrated that, without the injunction, it will suffer an “irreparable injury.”
To obtain a preliminary injunction, the applicant must show:
“(1) [Tjhat without the injunction the plaintiff will suffer immediate and irreparable injury; (2) that the plaintiff has no adequate remedy at law; (3) that the plaintiff is likely to succeed on the merits of the case; and (4) that the hardship imposed upon the defendant by the injunction would not unreasonably outweigh the benefit to the plaintiff.”
Blaylock v. Cary, 709 So.2d 1128, 1130 (Ala.1997) (emphasis added). The plaintiff taxpayer has demonstrated that it is “likely to succeed on the merits” of its case. Its Dormant Commerce Clause challenge to Alabama’s franchise tax system establishes that “[sjimply by changing its state of incorporation from Alabama to any other state, a corporation operating in Alabama subjects numerous additional items on its balance sheet (e.g., surplus, long-term debt) to Alabama franchise taxation. [Thus, t]he franchise tax facially discriminates against interstate commerce....” South Central Bell Telephone Co. v. State, 711 So.2d 1005, 1010 (Ala.1998) (See, J., dissenting), cert. granted, — U.S.—, 119 S.Ct. 30, 141 L.Ed.2d 790 (1998).
The plaintiff taxpayer has failed, however, to demonstrate an immediate risk of irrepa-rabie injury. The only damage it has suffered is excessive tax payments, that is, an economic loss, for which seeks money damages. See Perley v. Tapscan, Inc., 646 So.2d 585, 587 (stating that an “irreparable injury” is an injury that is not redressable in a court of law through an award of money damages). If the Supreme Court of the United States, or this Court, holds that Alabama’s franchise tax system violates the Dormant Commerce Clause, then retroactive relief in the form of tax refunds would be available to those taxpayers that timely filed claims for refunds. See James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991); Harper v. Virginia Dep’t of Taxation, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993). Because the plaintiff taxpayer has not demonstrated that it will suffer an irreparable injury, it is not entitled to a preliminary injunction requiring the State to deposit the contested tax revenues into an escrow account.