789 So.2d 853 (2001)
Jim WOODWARD, individually and in the capacity of sheriff of Jefferson County
v.
Jim ROBERSON et al.
1991066.
Supreme Court of Alabama.
January 12, 2001.
*854 Albert L. Jordan and Michael L. Jackson of Wallace, Jordan, Ratliff & Brandt, L.L.C., Birmingham; and Algert S. Agricola, Jr., of Wallace, Jordan, Ratliff & Brandt, L.L.C., Montgomery, for appellant.
*855 Charlie D. Waldrep, Victoria J. Franklin-Sisson, and V. Michelle Obradovic of Gorham & Waldrep, P.C., Birmingham, for appellee Personnel Board of Jefferson County.
Jon B. Terry of Bains & Terry, Bessemer, for appellee Allan Farley.
LYONS, Justice.
This lawsuit arose in the aftermath of the dispute over the 1998 election of the sheriff in Jefferson County. On the Monday after this Court issued its opinion in Eubanks v. Hale, 752 So.2d 1113 (Ala. 1999), and after Jim Woodward had been sworn in as sheriff, Woodward fired Allen Farley and demoted Jim Roberson, both of them Jefferson County deputy sheriffs. Woodward gave as his reason that Farley had pursued an indictment against him and that he could not trust Roberson.
The Jefferson County Personnel Board ordered Woodward to reinstate Farley and Roberson to their previous positions; Woodward refused. Farley and Roberson sued Woodward and the Personnel Board in an effort to enforce the Personnel Board's order. In their initial complaint, Farley and Roberson sought declaratory and injunctive relief grounded upon allegations that they had been dismissed or demoted without due process of law; they based their claim upon rights derived from the enabling legislation creating the Personnel Board and from the Alabama Constitution of 1901. They also sought money damages for lost earnings and benefits and for mental anguish. By amendments to the initial complaint, Farley and Roberson alleged violations of the First and Fourteenth Amendments to the United States Constitution.
Accompanying the initial complaint was a motion for a preliminary injunction. Woodward filed memoranda in opposition to the motion and moved the trial judge, Judge Dan C. King III, to recuse. A hearing was held, pursuant to an entry on the case action summary reciting, "This case is set for hearing on February 4, 2000." At the hearing, Woodward requested that the court realign the Personnel Board as a plaintiff. The trial court did so, without objection by the Personnel Board. After the hearing, the trial court entered an order that, among other things, denied the motion to recuse, gave Farley and Roberson significant declaratory relief, and gave them injunctive relief. Woodward appealed.
Woodward contends that to the extent the trial court's order provides injunctive relief, it gives Farley and Roberson only a preliminary injunction, not a permanent injunction. We agree. Woodward, after the hearing, submitted a proposed order denying the preliminary injunction. The trial court's order expressly refers to the standards appropriate to the issuance of a preliminary injunction. It is appropriate for the trial court, either before or after the commencement of the hearing on an application for a preliminary injunction, to order that the trial of the action on the merits be consolidated with that hearing. Rule 65(a)(2), Ala.R.Civ.P. However, such a consolidation must conform to the rights of the litigants to reasonable notice. Pughsley v. 3750 Lake Shore Drive Coop. Bldg., 463 F.2d 1055 (7th Cir.(Ill.)1972) (per then Circuit Judge John Paul Stevens). The Personnel Board relies on TFT, Inc. v. Warning Systems, Inc., 751 So.2d 1238 (Ala.1999), as support for the proposition that the trial court's ruling should be treated as a permanent injunction. However, TFT is different from this case, because the parties in TFT agreed to the consolidation of the hearing on the preliminary-injunction request with a hearing on the merits. Id., at 1241-42.
*856 Remaining before the trial court are issues of damages. We have before us only the interlocutory appeal of an order granting a preliminary injunction. Rule 4(a)(1), Ala.R.App.P. The issues relating to the declaratory relief are not before us, there being no basis for an interlocutory appeal from that portion of the order granting declaratory relief. Also not before us is that part of the order denying Woodward's motion to recuse. A review of the denial of that motion would be appropriate by way of a petition for the writ of mandamus or an appeal from a final judgment. Ex parte Crawford, 686 So.2d 196, 198 (Ala.1996). Woodward correctly argues that that portion of the order providing declaratory relief is not final for purposes of appeal. However, he cannot consistently make that argument and at the same time contend that the discrete issue of recusal is before us, without showing some appropriate procedural basis for bringing the recusal ruling before us. We are not disposed to treat Woodward's notice of appeal as a petition for the writ of mandamus, even though the docketing statement accompanying that notice refers to Judge King's failure to recuse as being an issue Woodward intended to raise here. The notice of appeal clearly indicates the appeal is only from an order granting a preliminary injunction; it does not purport to be from an order denying a motion to recuse.
The standards germane to the grant or the denial of a preliminary injunction are stated in Perley v. Tapscan, Inc., 646 So.2d 585, 587 (Ala.1994), which the trial court cited in its order.
"In order for a trial court to grant a preliminary injunction, the plaintiff must show all of the following: (1) that without the injunction the plaintiff would suffer immediate and irreparable injury; (2) that the plaintiff has no adequate remedy at law; (3) that the plaintiff has at least a reasonable chance of success on the ultimate merits of his case; and (4) that the hardship imposed on the defendant by the injunction would not unreasonably outweigh the benefit accruing to the plaintiff."
Farley and Roberson did not demonstrate an immediate and irreparable injury for which their remedy at law would be inadequate. This is an action against Woodward individually and as sheriff, brought by Farley and Roberson, as individuals, for 1) permanent injunctive relief reinstating them in their positions and 2) money damages. Their motion for a preliminary injunction avers that they would "suffer economic hardship if relief is delayed." Woodward calls our attention to Perley, in which this Court affirmed an order denying a preliminary injunction in an employment case. This Court stated in Perley that "`irreparable injury' is an injury that is not redressable in a court of law through an award of money damages." 646 So.2d at 587 (citing Triple J Cattle, Inc. v. Chambers, 551 So.2d 280 (Ala. 1989)). Woodward also refers us to Van Arsdel v. Texas A & M University, 628 F.2d 344, 346 (5th Cir.1980) (reversing an order granting a preliminary injunction and holding that reinstatement after trial, coupled with an award of backpay, should suffice to redress the alleged wrong). Neither Farley and Roberson nor the Personnel Board has furnished any contrary authority in the employment context.
Clearly, an award of money damages provides an adequate remedy for a loss of earnings or for mental anguish. If Farley and Roberson prevail on a final hearing and Woodward, in his official capacity, is ordered to reinstate them with backpay, or if Woodward loses on his defenses of immunity from personal liability, they will have an adequate remedy at law.
*857 Woodward also challenges the trial court's failure to require security pursuant to Rule 65(c), Ala.R.Civ.P. Because we conclude the trial court improperly issued the preliminary injunction, we need not reach this issue. Other issues the parties raise are premature and must await any appeal from a final judgment.
We reverse that portion of the trial court's order entering a preliminary injunction and remand the cause for further proceedings.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, and ENGLAND, JJ., concur.
JOHNSTONE, J., concurs specially.
JOHNSTONE, Justice (concurring specially).
My special concern is that the main opinion holds that the plaintiffs are not suffering irreparable injury from Farley's discharge and Roberson's demotion pending final hearing and final judgment in the case notwithstanding that the trial court, in issuing the preliminary injunction, specifically found as a fact that the plaintiffs are suffering irreparable injury. One irreparable injury specifically and expressly found by the trial court is Farley's loss of his insurance coverage as a result of his discharge. If, before final judgment, Farley or a member of his family were to suffer an injury or illness and were consequently to incur medical expenses that would be covered by the insurance included in Farley's fringe benefits if he were still employed but will not be covered since he has been discharged, the question devolves whether Farley's remedy upon a final judgment on his wrongful discharge claim could legally include compensation for those medical expenses. This Court, in its deliberations on this case, has considered this special concern.
This Court, in its main opinion, holds that the preliminary injunction is not appropriate because the plaintiffs are not suffering irreparable injury because "`irreparable injury is an injury that is not redressable in a court of law through an award of money damages.'" 789 So.2d at 856. The main opinion further holds:
"If Farley and Roberson prevail on a final hearing and Woodward, in his official capacity, is ordered to reinstate them with backpay, or if Woodward loses on his defenses of immunity from personal liability, they will have an adequate remedy at law." (Emphasis added.)
Implicit in these holdings is that such medical expenses will be recoverable if Farley prevails in either event equally: either the event that "Woodward, in his official capacity, is ordered to reinstate them with backpay," or the event that "Woodward loses on his defenses of immunity from personal liability." Further, this Court cannot be fairly relying on the eventuality of Farley's prevailing against Woodward individually and personally, in conjunction with Farley's achieving reinstatement with backpay, for the holding that Farley is not suffering irreparable injury pending final judgment, for Farley's complaint against Woodward individually and personally seeks relief beyond the basic relief recoverable in a wrongful discharge claim and requires proof of additional essential elements. This Court cannot fairly be holding that a plaintiff in a wrongful discharge case does not suffer irreparable injury from the uninsured risk of such medical expenses because such plaintiff (speculatively) can also sue some individual affiliated with the employer to recover those medical expenses.
*858 With these understandings of the main opinion, I am concurring. I would be disappointed if, in the future, Farley were to incur uninsured medical expenses and were to win a final judgment against his employer, as such, for reinstatement with backpay and compensation for the medical expenses, but not win a final judgment against Woodward individually and personally, and this Court, or any court, were to vacate or to reverse the judgment for the medical expenses on the rationale that they were not recoverable after allthat the uninsured risk of those expenses was irreparable after all.