COBB, Chief Justice
(concurring specially).
Although I concur in the majority’s analysis in this case, I write specially to note that I continue to stand by my dissent in Holiday Isle, LLC v. Adkins, 12 So.3d *776 1173, 1181 (Ala.2008), with regard to the standard of review applicable to the issuance of a preliminary injunction.
I also write specially to note additional reasons why the record supports the finding that complying with the residency requirements of the Community Notification Act, § 15-20-20 et seq., Ala.Code 1975 (“the CNA”), applicable to adult criminal sex offenders would not cause Miller irreparable harm. The relief Miller requested by way of a preliminary injunction was exceedingly broad in relation to his specific and unique difficulties with the residency restrictions of the CNA. He requested a temporary restraining order (“TRO”) and a preliminary injunction that would relieve him of all the residency restrictions of the CNA applicable to adult criminal sex offenders.[7] Such broad relief would allow Miller to live anywhere, not just with his siblings or in a facility in which he could receive appropriate monitoring, medication, and supervision for his protection and the protection of others.
Obviously, Miller’s only residential option — a homeless shelter — is not an appropriate placement option for him. His residence at the shelter poses serious hazards not only to his own health and safety, but also to the safety of the general public. However, based on this record, which demonstrates that Miller is prone to wandering the streets and endangering others when he relapses into self-destructive, violent, delusional states, it would be unreasonable to reverse the trial court’s order for refusing to grant the broad relief Miller has requested. The record contains no reasonable guarantee that, if he is relieved of all residency restrictions of the CNA, Miller would voluntarily limit himself to a residence that would provide the necessary care and supervision he needs. Further, even if Miller were to live with a sibling, the record contains no evidence indicating that his siblings would be able to prevent him from endangering himself or others.
Therefore, the trial court correctly concluded that, on balance, Miller faded to demonstrate that the broad injunctive relief he sought was necessary to prevent or alleviate irreparable injury. See, e.g., Ormco Corp. v. Johns, 869 So.2d 1109, 1113 (Ala.2003)(“A plaintiff seeking a preliminary injunction has the burden of demonstrating ... ‘... that without the injunction the plaintiff would suffer immediate and irreparable injury ....’” (quoting Perley v. Tapscan, Inc., 646 So.2d 585, 587 (Ala.1994) (emphasis added))). For these reasons, and for the reasons expressed by the majority, I am firmly convinced that the trial court’s order denying Miller the relief he seeks is due to be affirmed.

. Specifically, Miller requested a TRO and a preliminary injunction "preventing the [defendants from applying the residency restrictions of the Community Notification Act to Mr. Miller.”