BRYAN, Justice.
Darlene Slamen ("Darlene"), Charles Martin ("Charles"), Wilhelmina Martin ("Wilhelmina"), and Harris Partnership, LLP ("Harris LLP") (hereinafter collectively referred to as "the defendants"), appeal from an order of the Jefferson Circuit Court ("the trial court") granting a motion for a preliminary injunction filed by Herbert A. Slamen ("Herbert"). For the reasons set forth herein, we reverse and remand.
Facts and Procedural History
Herbert and Darlene married in 1981 and later formed Harris LLP, of which Herbert, Darlene, Charles, and Wilhelmina each own a 25% share. In 2008, Herbert was diagnosed with chronic obstructive pulmonary disease, and, in 2010, he moved to Thailand because, Darlene said, he wanted "to enjoy what remained of his life." After moving to Thailand, Herbert was dependent upon Darlene to send him the proceeds generated from his assets so that he could pay for living expenses and medical treatment. Payments in an agreed amount were deposited in a checking account in Thailand set up in Herbert's name. In addition to his interest in Harris LLP, Herbert's assets include a house in Alabama, a house in Florida, and an interest *174 in the dental practice from which Herbert had retired. In 2013, Herbert, via his attorney in fact, established the Herbert A. Slamen Revocable Living Trust ("the trust") to facilitate the management of his assets, and he thereafter transferred his assets, including his interest in Harris LLP, to the trust. Herbert was the beneficiary of the trust, and both he and Darlene were the appointed cotrustees.
On October 27, 2016, Herbert sued the defendants, alleging that he had revoked the trust but that Darlene, purportedly under her authority as cotrustee, had nevertheless transferred the assets of the trust to herself. As a result, Herbert alleged, the defendants had "failed to distribute proceeds from [Harris LLP] to [Herbert] and instead made all payments directly to Darlene." Herbert also alleged that Darlene had sold the Alabama and Florida houses and that she had "benefitted financially" from the operation of the dental practice, but, the allegation continued, Herbert had "realized no proceeds" from those assets. According to Herbert, Darlene's allegedly unauthorized transfer of his assets to herself and her alleged refusal to send him the proceeds generated from his assets were part of "an illicit scheme to gather all of [his] assets for herself." Given those allegations, Herbert asserted claims of breach of a fiduciary duty, negligence, fraud, conversion, conspiracy, intentional infliction of emotional distress, identity theft, and tortious interference with a business relationship. As relief, Herbert sought compensatory and punitive damages and, for the breach-of-a-fiduciary-duty claim, specifically sought "damages in an amount equal to the proceeds properly due from [his] business interests."
On February 9, 2017, Herbert filed a motion for a preliminary injunction in which he requested that the trial court enjoin the defendants "from disbursing funds and profits from [Harris LLP] and requiring [the defendants] to keep all funds and profits in the regular business account of [Harris LLP] until the resolution of this case."[1] In his motion, Herbert alleged that he would suffer irreparable injury in the absence of an injunction because, he said, "[s]hould [the defendants] be allowed to distribute profits [of Harris LLP] among themselves, those funds, some or all of which rightfully belong to [Herbert], will instantly become unreachable" and "would no longer be attainable to satisfy any judgment [he] may receive." Following a hearing, the trial court entered an order enjoining the defendants "from disbursing funds and profits of [Harris LLP]," except as necessary for ordinary business expenses, pending resolution of Herbert's claims. The defendants timely appealed. See Rule 4(a)(1)(A), Ala. R. App. P. (providing for an appeal from an interlocutory order granting injunctive relief).
Standard of Review
"When this Court reviews the grant or denial of a preliminary injunction, ' "[w]e review the ... [c]ourt's legal rulings de novo and its ultimate decision to issue the preliminary injunction for [an excess] of discretion." ' Holiday Isle, LLC v. Adkins, 12 So.3d 1173, 1176 (Ala. 2008) (quoting Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 428, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006) ).
" 'A preliminary injunction should be issued only when the party seeking an injunction demonstrates:
" ' " '(1) that without the injunction the [party] would suffer irreparable injury; (2) that the [party] has no *175 adequate remedy at law; (3) that the [party] has at least a reasonable chance of success on the ultimate merits of his case; and (4) that the hardship imposed on the [party opposing the preliminary injunction] by the injunction would not unreasonably outweigh the benefit accruing to the [ party seeking the injunction].' " '
" Holiday Isle, 12 So.3d at 1176 (quoting Ormco Corp. v. Johns, 869 So.2d 1109, 1113 (Ala. 2003), quoting in turn Perley v. Tapscan, Inc., 646 So.2d 585, 587 (Ala. 1994) (alterations in Holiday Isle )).
Monte Sano Research Corp. v. Kratos Defense & Sec. Sols., Inc., 99 So.3d 855, 861-62 (Ala. 2012).
Discussion
On appeal, the defendants argue that Herbert was not entitled to a preliminary injunction because, they say, he failed to show that he would suffer irreparable injury in the absence of an injunction. We agree.
" ' " 'Irreparable injury' is an injury that is not redressable in a court of law through an award of money damages." ' " Monte Sano Research Corp., 99 So.3d at 862 (quoting Ormco Corp. v. Johns, 869 So.2d 1109, 1113 (Ala. 2003), quoting other cases). "A plaintiff that can recover damages has an adequate remedy at law and is not entitled to an injunction." Id. Thus, where a plaintiff alleges a purely monetary loss and seeks only to recover damages for that alleged loss, the injury is not irreparable because the monetary damages the plaintiff seeks constitute an adequate remedy at law. In such circumstances, injunctive relief is improper. See SouthTrust Bank of Alabama, N.A. v. Webb-Stiles Co., 931 So.2d 706, 711-12 (Ala. 2005) ("Webb-Stiles's only alleged loss is monetary. Because it has an adequate remedy at law, Webb-Stiles has not established that it is entitled to a preliminary injunction."); Ex parte B2K Sys., LLC, 162 So.3d 896 (Ala. 2014) (holding that monetary damages were an adequate legal remedy, and thus precluded injunctive relief, where the plaintiff alleged that the defendants were indebted to her pursuant to a contractual agreement); Woodward v. Roberson, 789 So.2d 853, 856 (Ala. 2001) (holding that the plaintiffs failed to demonstrate an irreparable injury where they sought to recover lost salary for the allegedly unlawful termination of their employment because, "[c]learly, an award of money damages provides an adequate remedy for a loss of earnings"); and Alabama Lock & Key Co. v. Birmingham Lock & Key, Inc., 557 So.2d 1240, 1242 (Ala. 1990) (holding that "testimony as to loss of business ... did not rise to a showing of immediate and irreparable injury" and noting that "damages are available and the plaintiff therefore has an adequate remedy at law").
In this case, Herbert's complaint alleges that the defendants divested him of the proceeds generated from his assets and sought only to recover monetary damages for that alleged injury.[2] That is to *176 say, Herbert's "only alleged loss is monetary." SouthTrust Bank, supra. Thus, if Herbert is able to prove that the defendants did in fact wrongfully divest him of the proceeds generated from his assets, the monetary damages he seeks will adequately redress his alleged economic injury. Accordingly, Herbert's alleged injury is not irreparable. Monte Sano Research Corp., supra ; SouthTrust Bank, supra ; Ex parte B2K, supra ; Woodward, supra ; and Alabama Lock & Key, supra.See also Southland Corp. v. Godette, 793 F.Supp. 348, 351 (D.D.C. 1992) ("Southland's injuries are at bottom economic: its contractual share of the gross profits from the operation of the 7-Eleven store .... It is well-established 'that economic loss does not, in and of itself, constitute irreparable harm.' " (quoting Wisconsin Gas Co. v. Federal Energy Regulatory Comm'n, 758 F.2d 669, 674 (D.C. Cir. 1985) )).
Furthermore, Herbert's mere allegation that, without the injunction, the defendants might be unable to satisfy a potential judgment remedying his alleged monetary loss does not transform his injury into an irreparable one that justifies injunctive relief. In Norman v. Occupational Safety Ass'n of Alabama Workmen's Compensation Fund, 811 So.2d 492, 501 (Ala. 2001), the Occupational Safety Association of Alabama Workmen's Compensation Fund ("the Fund") sued, among other defendants, Riscorp National Insurance Company and Riscorp, Inc. (those two entities are hereinafter collectively referred to as "Riscorp"), Peter D. Norman, and Thomas Albrecht seeking payments the Fund alleged Riscorp was obligated to make. In conjunction with its complaint, the Fund sought an order enjoining Riscorp from disbursing proceeds to Norman and Albrecht for their transfers of Riscorp stock back to Riscorp. According to the Fund, a preliminary injunction was necessary because, it said, " 'there is a risk that [Norman and Albrecht] will conceal, transfer, spend or otherwise dispose of this money and that the Fund will not be able to get it from them at the conclusion of this case.' " 811 So.2d at 499. Following a hearing, the trial court entered a preliminary injunction. In reversing the order granting the preliminary injunction, this Court stated:
"[B]y seeking the proceeds ..., the Fund is actually seeking money damages rather than equitable relief. Therefore, we conclude that, because the underlying claims are for money damages, the trial court lacked the authority under Rule 65, Ala. R. Civ. P., to enjoin Riscorp from disbursing the proceeds ...."
811 So.2d at 501 (emphasis added). Thus, the Fund's allegation that it might obtain an uncollectible judgment did not convert its reparable injury-an alleged monetary loss-into an irreparable injury justifying injunctive relief. See also Chunchula Energy Corp. v. Ciba-Geigy Corp., 503 So.2d 1211 (Ala. 1987) (reversing an order granting injunctive relief and requiring the defendants to set aside funds to satisfy a potential judgment despite the fact that evidence indicated that failure to enter the preliminary injunction would leave the defendants with insufficient assets with which to satisfy the potential judgment).
In Hinton v. Rolison, 175 So.3d 1252 (Miss. 2015), Clayton Hinton and Nate Rolison were business partners who operated a used-car business. Hinton and Rolison had engaged Credit Acceptance Corporation ("Credit Acceptance") to provide financing *177 to their customers, and Credit Acceptance made payments to Hinton and Rolison when their customers financed purchases. After a dispute arose in which Hinton alleged that Rolison was "keeping profits from [the] business that should be divided equally," Hinton sued Rolison for Hinton's share of the business's profits and sought an order enjoining Credit Acceptance from disbursing funds to Rolison pending resolution of Hinton's claims. 175 So.3d at 1254. According to Hinton, a preliminary injunction was necessary because, he said, " '[f]ailure to hold all such funds in trust will result in spending, using, wasting of the funds and prevent Hinton from being compensated upon any future judgment.' " Id. at 1255. However, despite Hinton's allegation that he might obtain an uncollectible judgment, the Supreme Court of Mississippi affirmed the dismissal of Hinton's request for injunctive relief because it noted, among other flaws in Hinton's request, that "the only harm Hinton has alleged is a loss of money, and such a loss is reparable, not irreparable. Hinton's damages suit against Rolison implicitly acknowledges as much." Id. at 1260. Thus, as in Norman, a reparable injury that could be redressed with monetary damages was not rendered irreparable by the plaintiff's concern that any judgment he might obtain would be uncollectible.
As evidenced by Norman and Hinton, when a plaintiff alleges a purely monetary loss and seeks only to recover monetary damages to redress that loss, the alleged injury is reparable, and the plaintiff's mere allegation that, without the issuance of an injunction, a defendant might be unable to satisfy a potential judgment does not convert the plaintiff's reparable injury into an irreparable one that justifies injunctive relief. Indeed, to hold that a plaintiff is entitled to an order enjoining a defendant from disposing of assets pending resolution of the plaintiff's claims on the mere allegation that the defendant might be unable to satisfy a potential judgment would essentially make what has heretofore been a "drastic remedy" available in most any action in which a plaintiff seeks to recover monetary damages. Monte Sano Research Corp., supra.See Grupo Mexciano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 327, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999) (noting that affirming a preliminary injunction restricting a defendant's use of assets pending resolution of a plaintiff's claims " 'on a mere statement of belief that the defendant can easily make away with or transport his money or goods' " would " 'create a precedent of sweeping effect' " that would make it " 'difficult to see why a plaintiff in any action for a personal judgment in tort or contract may not, also, apply to the chancellor for a so-called injunction sequestrating his opponent's assets pending recovery and satisfaction of a judgment in such a law action' " (quoting De Beers Consol. Mines v. United States, 325 U.S. 212, 222-23, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945) )).
Here, as noted, the underlying causes of action asserted in Herbert's complaint are actions at law that allege only a monetary loss and seek only to recover monetary damages for that alleged loss. Thus, Herbert's alleged injury is not irreparable, given that it can be adequately redressed with the monetary damages he seeks if he is able to prove that the defendants wrongfully divested him of the proceeds generated from his assets. Monte Sano Research Corp., supra ; SouthTrust Bank, supra ; Ex parte B2K, supra ; Woodward, supra ; and Alabama Lock & Key, supra. Nor is Herbert's alleged injury rendered irreparable by Herbert's allegation that, without a preliminary injunction, the defendants might be unable to satisfy any judgment he might obtain. Norman, supra ;
*178 Hinton, supra. Accordingly, because his alleged injury is not irreparable, Herbert was not entitled to injunctive relief. Monte Sano Research Corp., supra.
Conclusion
The trial court erred in entering an order enjoining the defendants from disbursing the profits of Harris LLP pending resolution of Herbert's claims. Accordingly, we reverse the order granting the preliminary injunction and remand the case with instructions that the trial court dissolve the preliminary injunction.[3]
REVERSED AND REMANDED WITH INSTRUCTIONS.
Stuart, C.J., and Bolin and Main, JJ., concur.
Murdock, J., concurs in the result.

Herbert did not request injunctive relief with respect to any other assets.

We note that the initial paragraph of Herbert's complaint indicates that he is seeking "compensatory damages, equitable relief, and such other relief deemed just and proper" and that the identity-theft claim seeks monetary damages and "all other further and general relief, whether compensatory, punitive, equitable or injunctive relief as [the trial court] or the jury may deem just and appropriate." However, aside from that general boilerplate language, nowhere in the complaint does Herbert request permanent injunctive relief as an alternate remedy to the monetary damages he seeks. See Rosen v. Cascade Int'l, Inc., 21 F.3d 1520, 1526 n. 12 (11th Cir. 1994) ("We reject the appellees' suggestion that they successfully invoked the district court's equitable jurisdiction through their requests for any additional relief as may appear 'just and proper' at the conclusion of each complaint. The mere incantation of such boilerplate language does not convert a legal cause of action into a legitimate request for equitable relief.").

The defendants raise other grounds for reversal. Given our disposition of the appeal, we need not address those grounds. We note, however, that a preliminary injunction must be supported by " 'some type of evidence which substantiates the pleadings.' " Colbert Cty. Bd. of Educ. v. James, 83 So.3d 473, 482 (Ala. 2011) (quoting Bamberg v. Bamberg, 441 So.2d 970, 971 (Ala. Civ. App. 1983) ).